### STATE v. CARL LIPPARD.

(Filed 3 May, 1922.)

**1. Criminal Law—Larceny—Stolen Goods—Recent Possession—Presumptions.**

For the recent possession of stolen goods to raise the presumption of law that the defendant, upon whom they were found, was the thief, such possession must be so soon after the fact of the theft shown that the defendant could not reasonably have gotten possession of them unless he had stolen them himself, or where the fact of his guilt is self evident from the bare fact of being found in possession of them.

**2. Same—Instructions—Burden of Proof—Appeal and Error.**

Where the fact of possession of stolen goods is insufficient to raise a presumption of law that defendant upon whom they were found was himself the thief, and he has offered evidence tending to establish his innocence, an instruction that he is presumed, as a matter of law, to be the thief, is reversible error, in placing upon him a greater burden of proof than required of him.

**3. Same—Automobiles.**

In an action to convict the defendant of the larceny of an automobile, there was evidence on behalf of the State tending to show that two weeks or more after the theft certain parts or accessories of the stolen machine were in the defendant's possession, but that the machine itself was never found, with confusing and contradictory statements of the defendant as to his lawful possession, as well as other evidence of his innocence, an instruction to the jury: *Held* reversible error; that one found in possession of stolen property is presumably the thief, without the necessity of the State to introduce further proof, and that the burden is on the defendant to show his lawful possession of them.

APPEAL by defendant from *Ray, J.,* at the August Term, 1922, of MECKLENBURG.

Indictment for larceny of a Ford automobile, the property of one C. W. Johnson.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. D. McCall, Plummer Stewart, Hamilton C. Jones, Wilson Warlick, and W. A. Self for defendant.*

HOKE, J.   There were facts in evidence on the part of the State tending to show, among other things, that on 13 June, 1921, the Ford automobile of C. W. Johnson was stolen at the baseball park, in the city of Charlotte, and has never been found or recovered.   That some two weeks later the defendant, at the time driving an Essex car, the property of his father, was arrested in the city of Charlotte for speeding, and there was found in the car, covered over with a coat or quilt, a jack, identified as that owned by the prosecutor, and in his car at the time it was stolen. A few days later, at the home of defendant's father, and on a new Ford owned by defendant, there was found a Claxon horn, which was identified by prosecutor as the horn which was on the stolen car at the time it was taken.   There were also other inculpating facts, including confused and contradictory statements of defendant as to how he came into possession of these articles.   And also much evidence on part of defendant tending to show how he came into possession of these articles, and in a manner consistent with his innocence of the crime charged, etc. In referring to the possession of these articles, identified by the State's evidence as being in or a part of the stolen car, his Honor, among other things, said: "It being a rule of law, gentlemen, that one found in possession of stolen property is presumably the thief—that this is a reasonable presumption of the law that he be the thief, if found in possession of stolen property, and throws the burden upon the defendant to account for his possession."   Again, after stating that this is presumption of fact and not of law, shutting off all evidence to the contrary, and that in order to the application of the principle, it must appear that the possession is with the knowledge and concurrence of the defendant, which is correct, the court instructed the jury further that the finding of stolen goods in the possession of the defendant a reasonable time after the theft is committed raises a presumption that he himself is the thief, and it is the law that a person found in possession of goods recently stolen is presumed in law to be the thief, and it is not necessary for the State to show further circumstances tending to prove defendant guilty.   And later in the charge, on the subject, the court said: "And again, gentlemen, where a person is found in possession of goods that have been recently stolen, there is a presumption of law that he is guilty of the theft, and it is not necessary, in order to convict him, for the State to show that any other suspicious circumstances accompanied such possession."

The doctrine that there is, or may be, a presumption of guilt from the recent possession of stolen goods is one that, in the language of *Chief Justice Hale,* must at all times "be warily pressed," approved by *Allen, J.,* in *S. v. Ford,* 175 N. C., 797-800, and to our minds, in this instance, has been erroneously applied, to defendant's prejudice. While this presumption, when permissible, is not infrequently designated as a rule of law, it is not so in the strict sense of the term, shutting out all evidence to the contrary, but is one of fact and rebuttable by proper proof, and is rebutted by evidence in explanation which raises a reasonable doubt as to a defendant's guilt. *S. v. Anderson,* 162 N. C., 571. And our decisions hold that in order to its proper application it must be "manifest that the stolen goods have come to the possession by his own act or with his undoubted concurrence, and it must be so recent and under such circumstances as to give reasonable assurance that such possession could not have been obtained unless the holder is himself the thief." *S. v. Ford,* 175 N. C., 797; *S. v. Anderson,* 162 N. C., 571; *S. v. Hullen,* 133 N. C., 656; *S. v. Graves,* 72 N. C., 482; *S. v. Smith,* 24 N. C., 402. In *Ford's case, supra,* also *Justice Allen* delivering the opinion, quotes with approval from *Pearson, C. J.,* in the *Graves case, supra,* to the effect that the presumption does not arise except when the fact of guilt is self-evident from the bare fact of having the stolen goods. And from *S. v. Anderson, supra,* "except when defendant could not have reasonably gotten the possession unless he had stolen them himself." In the case of *S. v. Graves, supra,* it was proved that on 9 August, the home of J. I. Scales, in Greensboro, N. C., was feloniously broken into and a watch and chain stolen. That on 10 August, at Danville, Va., defendant had the watch and chain in his possession, and swapped them off for another, receiving small boot. Defendant, denying his guilt, testified that he got the watch and chain from John and Dennis Sellars on Sunday night, 9 August, who got defendant to take them to Danville and trade them off. There were other facts tending to inculpate defendant. On the trial the Superior Court judge charged the jury that "if defendant was in possession of goods, in Danville on Monday, 10 August, stolen in Greensboro on 9 August, the law presumed he was the thief and had stolen them, the prisoner was bound to explain satisfactorily how he came by them." In holding this to be an erroneous charge, the Court said: "His Honor committed manifest error in taking the case from the jury and ruling that 'if the jury believed from the evidence that the prisoner was in possession of the watch and chain in Danville on the Monday after the watch and chain were stolen on Saturday night in Greensboro, the law presumed he was the thief, and had stolen the watch and chain, and that the prisoner was bound to explain satisfactorily how he came by the goods." The rule is this: "When goods are stolen, one found in posses-

sion so soon thereafter that he could not have reasonably got the possession unless he had stolen them himself, the law presumes he was the thief." And further, the presumption would only arise where the fact of guilty is self-evident from the bare fact of being found in possession of the stolen goods, and otherwise it becomes a case depending on circumstantial evidence to be passed on by the jury. And a like position was upheld in *S. v. Anderson, supra,* where the fact of possession was only held to be an inculpating circumstance with other facts tending to show guilt, and to be considered and passed upon by the jury without any artificial weight arising from a presumption raised by the law. In the present case, defendant was never found in possession of the stolen car, but of a jack and horn which the State's evidence tended to show had been detached from the same and found in defendant's possession two weeks and more after the alleged theft. These and other inculpating facts are sufficient to carry the case to the jury, but the circumstances presented afforded so many opportunities for defendant to have become possessed of these articles in a manner consistent with his innocence that the artificial weight incident to a presumption raised by the law does not obtain, and for the error indicated, defendant is entitled to a new trial of the issue.

New trial.