STATE v. KATHERINE McFALLS, ADA SHEPHERD and ELIZABETH SMITH (MARTIN).

(Filed 25 February, 1942.)

**Larceny §§ 5, 8—Where goods are placed in defendant's possession by another, fact of recent possession, alone, does not justify conviction.**

There was evidence tending to show that money which the State contended had been stolen was placed in defendant's cedar chest by another who gave defendant the keys while defendant was drunk, and that shortly thereafter defendant was arrested by officers of the law, who found the money in the cedar chest before defendant had an opportunity to open the chest or to know the money was there. *Held:* The recent possession was a relevant circumstance and, in connection with the other evidence in the case, was sufficient to be submitted to the jury upon the question of defendant's guilt of larceny, but an instruction to the effect that where possession of stolen property is so recent that defendant could not have gotten possession unless he had stolen it, there is a presumption justifying conviction unless defendant offers testimony in explanation raising a reasonable doubt of guilt, is erroneous as not being applicable to the facts in evidence and as placing too heavy a burden upon defendant.

APPEAL by defendant from *Nettles, J.,* at December Term, 1941, of BUNCOMBE.

Criminal prosecution tried upon indictment charging the defendant, in two counts, (1) with the larceny of $800 in money, the property of Sam Blanco, and (2) with receiving said money knowing it to have been feloniously stolen or taken in violation of C. S., 4250.

The defendant lives in the City of Asheville, and two other women stay in her house. On the afternoon of 9 December, 1941, Sam Blanco took a taxi and went to the home of the defendant and engaged in drinking with all three of the occupants. While there he says he was relieved of his pocketbook containing $800 in money. One of the women testified

that the taxi driver took the money from Blanco's pocket and told her to lock it up; that she put it in a cedar chest and later gave the keys to the defendant; that the defendant was drunk at the time. They all went to the "Bon-Ton" and were there taken into custody. The officers found thirty-six $20 bills in the defendant's cedar chest.

Verdict: Guilty of larceny.

Judgment: Imprisonment in the State's Prison for a period of 20 months.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*McKinney & Killen for defendant.*

STACY, C. J. The jury was instructed that in case of the recent possession of stolen property, "when the possession is so recent as to make it extremely probable that the holder is the thief, that is, where in the absence of explanation he could not reasonably have gotten possession unless he had stolen them himself, there is a presumption justifying, and in the absence of such explanation, perhaps requiring a conviction." (Exception.) "But in such case, if the testimony offered in explanation raises a reasonable doubt of guilt, defendant is entitled to an acquittal." (Exception.)

We think it must be held that the exceptions to these instructions are well interposed. *S. v. Cannon,* 218 N. C., 466, 11 S. E. (2d), 301. True, they are addressed to language taken from the case of *S. v. Anderson,* 162 N. C., 571, 77 S. E., 238, used in stating an extreme example, and on the facts here in evidence the instructions would seem to be inapplicable. *S. v. Lee,* 193 N. C., 321, 136 S. E., 877.

The evidence tends to show that the money was placed in the defendant's cedar chest without her immediate knowledge, at a time when she was drunk, and that it was removed by the officers before she had an opportunity to open the chest or to know it was there. This would seem to require that its presence in the defendant's cedar chest should be considered only as a relevant circumstance tending to show guilt, possible prearrangement, and, in connection with the other evidence in the case, sufficient to justify a conviction, if the jury should so find beyond a reasonable doubt. *S. v. Williams,* 219 N. C., 365, 13 S. E. (2d), 617.

The doctrine that there is, or may be, a presumption of guilt from the recent possession of stolen goods is one that should be kept in proper bounds or, in the language of *Lord Hale,* 2 Pleas of the Crown, 289, "It must be very warily pressed." *S. v. Ford,* 175 N. C., 797, 95 S. E., 154. In *S. v. Smith,* 24 N. C., 406, *Gaston, J.,* says "it applies *only* when this

possession is of a kind which manifests that the stolen goods have come to the possessor *by his own act* or, at all events, with his *undoubted concurrence"; and*, according to *Person, C. J.,* in *S. v. Graves,* 72 N. C., 485, it does not arise except when "the fact of guilt must be *self-evident* from the *bare fact* of stolen goods," and per *Hoke, J., in S. v. Anderson, supra,* it is only when "he could not have reasonably gotten possession unless he had stolen them himself." Finally, in *S. v. Lippard,* 183 N. C., 786, 111 S. E., 722, it is said that "in order to its proper application it must be 'manifest that the stolen goods have come to the possession by his own act or with his undoubted concurrence, and it must be so recent and under such circumstances as to give reasonable assurance that such possession could not have been obtained unless the holder is himself the thief.' "

Under the record evidence, it appears that the instructions complained of may have weighed too heavily against the defendant. *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387. The case of *S. v. Baker,* 213 N. C., 524, 196 S. E., 829, is direct authority for holding them to be erroneous, as is also the case of *S. v. Harrington,* 176 N. C., 716, 96 S. E., 892.

New trial.