## STATE v. GRANT HOLBROOK.

(Filed 24 November, 1943.)

**1. Larceny § 9—**

Upon an indictment for larceny and for receiving property, knowing the same to have been stolen, C. S., 4250, a verdict of guilty of larceny is tantamount to an acquittal on the charge of receiving.

**2. Larceny § 5—**

Possession of the fruits of the crime recently after its commission justifies an inference of guilt, and, though only *prima facie* evidence of guilt, may be controlling unless explained by circumstances or accounted for in some way consistent with innocence.

**3. Same—**

No criterion is to be found for ascertaining just what possession is to be regarded as "recent" and therefore presumptive in cases of larceny and receiving. The term is a relative one and depends on the circumstances of the case. It applies only when the possession is of a kind which manifests that the stolen goods came to the possessor *by his own act* or, at all events, with his *undoubted concurrence* and so recent and under such circumstances as to give reasonable assurance of guilt.

APPEAL by defendant from *Pless, J.,* at August Term, 1943, of WILKES.

Criminal prosecution tried upon indictment charging the defendant in two counts (1) with the larceny of four Chevrolet Pick-up wheels, four tires and four tubes of the value of $125, the property of Claude Pardue, and (2) with receiving said wheels, tires and tubes, knowing them to have been feloniously stolen or taken in violation of C. S., 4250.

It is in evidence that on the night of 24 April, 1942, four wheels, with tires and tubes, were removed from Claude Pardue's Pick-up truck, which was parked in the driveway of his barn where he kept it.

On 5 May following, or eleven days after the theft, one of the stolen tires, and maybe two, were found on a car in defendant's possession. Later, two more were found in the possession of Rom Billings, who said he bought them from the defendant "about the first of May." The wheels were found by some boys in the woods approximately four miles from Pardue's home, and half way between Pardue's barn and where the defendant was found in possession of one or two of the tires.

The defendant denied removing any auto parts, wheels, tires or tubes, from Pardue's truck. He said that he bought four tires for $50 at a service station from "a guy by the name of Slim," but did not know that they belonged to Pardue or that they had been stolen. He sold two of them to Rom Billings for $45.00.

Verdict: "Guilty of larceny of tires."

Judgment: Imprisonment for not less than 12 nor more than 18 months.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Trivette & Holshouser for defendant.*

STACY, C. J. The defendant is charged with larceny and receiving. He challenges the sufficiency of the evidence to carry the case to the jury on either count. He was convicted of larceny. Nothing is said in the verdict about the second count. This is tantamount to an acquittal on the charge of receiving. *S. v. Taylor,* 84 N. C., 773; *S. v. Hampton,* 210 N. C., 283, 186 S. E., 251.

The defendant's demurrer to the evidence was properly overruled. The evidence tends to connect him with the theft and permits the inference that he participated therein as principal. *S. v. Williams,* 219 N. C., 365, 13 S. E. (2d), 617; *S. v. Record,* 151 N. C., 695, 65 S. E., 1010; *S. v. Hullen,* 133 N. C., 656, 45 S. E., 513. Recent possession of stolen property has always been considered a circumstance tending to show the guilt of the possessor on his trial upon an indictment for larceny. *S. v. Reagan,* 185 N. C., 710, 117 S. E., 1; *S. v. Neville,* 157 N. C., 591, 72 S. E., 798.

"Possession of the fruits of crime recently after its commission justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight unless explained by the circumstances or accounted for in some way consistent with innocence." *Wilson v. U. S.,* 162 U. S., 613, 40 L. Ed., 1090.

The only exception of serious import on the record is the one addressed to the following portion of the charge:

"The State, gentlemen of the jury, relies upon a theory or rule of law to the effect that one who is found in possession of property that has recently been stolen is presumed to be guilty of the theft. That is a presumption of fact and not of law. It is one that may be rebutted, and it is strong or weak as the possession is more or less recent after the taking."

It is conceded that, on the facts presented, authorities may be found seemingly in support of this instruction. *S. v. Riley,* 188 N. C., 72, 123 S. E., 303; *S. v. Patterson,* 78 N. C., 470. Others may be cited seemingly against it. *S. v. Lippard,* 183 N. C., 786, 111 S. E., 722; *S. v. Rights,* 82 N. C., 675.

No criterion is to be found in the books for ascertaining just what possession is to be regarded as "recent" and therefore of presumptive

evidentiary value. *S. v. McRae*, 120 N. C., 608, 27 S. E., 78. The term is a relative one and depends on the circumstances of the case. All agree, however, upon the statement of the rule in respect of "recent possession" of stolen property; and the presumptions arising therefrom—strong, probable, slight or weak, depending on the circumstances—are well understood, *S. v. Jennett*, 88 N. C., 665. "The possession of stolen property recently after the theft, and under circumstances excluding the intervening agency of others, affords presumptive evidence that the person in possession is himself the thief, and the evidence is stronger or weaker, as the possession is nearer to or more distant from the time of the commission of the offense." *S. v. Patterson*, 78 N. C., 470. "Ordinarily it is stronger or weaker in proportion to the period intervening between the stealing and the finding in possession of the accused; and after the lapse of a considerable time before a possession is shown in the accused, the *law* does not infer his guilt, but leaves that question to the jury under the consideration of all the circumstances." *S. v. Rights, supra.*

"The presumption that the possessor is the thief which arises from the possession of stolen goods is a presumption of fact and not of law, and is strong or weak as the time elapsing between the stealing of the goods and the finding of them in the possession of the defendant is short or long. This presumption is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt. The duty to offer such explanation of his possession as is sufficient to raise in the minds of the jury a reasonable doubt that he stole the property, or the burden of establishing a reasonable doubt as to his guilt, is not placed on the defendant, however recent the possession by him of the stolen goods may have been"—*Schenck, J.*, in *S. v. Baker*, 213 N. C., 524, 196 S. E., 829.

In a number of cases, on the facts presented, possession of the stolen property is regarded as only a circumstance, without presumptive significance, *S. v. McFalls*, 221 N. C., 22, 18 S. E. (2d), 700; and in still others, on the facts appearing, it is held to be inconsequential. *S. v. Cameron, ante,* 449; *S. v. Cannon*, 218 N. C., 466, 11 S. E. (2d), 301.

The facts of the instant case, it seems to us, bring it more nearly under the decision in *S. v. Lippard, supra,* than any other that we have been able to find or the industry of counsel has discovered. There, on facts quite similar, a charge of like import to the one here given, was held to be erroneous. Here, eleven days elapsed between the larceny of the goods and the discovery of a part of them in the possession of the defendant. True, it is manifest that the defendant had the tires six or seven days after the larceny and sold two of them to Rom Billings, but the

circumstances are not such as to exclude "the intervening agency of others." *S. v. Patterson, supra.* There is no evidence as to what became of the tubes, and it does not appear that the defendant ever had possession of the stolen wheels.

The doctrine that there is, or may be, a presumption of guilt from the recent possession of stolen goods is one that should be kept in proper bounds or, in the language of *Lord Hale,* 2 Pleas of the Crown, 289, "It must be very warily pressed." *S. v. Ford,* 175 N. C., 797, 95 S. E., 154. In *S. v. Smith,* 24 N. C., 406, *Gaston, J.,* says "it applies *only* when this possession is of a kind which manifests that the stolen goods have come to the possessor *by his own act* or, at all events, with his. undoubted concurrence"; and, according to *Pearson, C. J.,* in *S. v. Graves,* 72 N. C., 485, it does not arise except when "the fact of guilt must be *self-evident* from the *bare fact* of stolen goods," and per *Hoke, J.,* in *S. v. Anderson,* 162 N. C., 571, 77 S. E., 238, it is only when "he could not have reasonably gotten possession unless he had stolen them himself." Finally, in *S. v. Lippard, supra,* it is said that "in order to its proper application it must be 'manifest that the stolen goods have come to the possession by his own act or with his undoubted concurrence, and it must be so recent and under such circumstances as to give reasonable assurance that such possession could not have been obtained unless the holder is himself the thief.'"

The case put by Hale, where a horse thief was pursued, finding himself pressed, got down, desiring a man in the road to hold his horse till he returned, and the innocent man was taken with the horse, illustrates the necessity of using caution in convictions founded on presumptive evidence. *S. v. Adams,* 2 N. C., 463.

Under the record evidence, it appears that the instruction complained of may have weighed too heavily against the defendant. *S. v. Harrington,* 176 N. C., 716, 99 S. E., 892. It is open to interpretation that the burden was on the defendant to rebut the presumption of his guilt, whereas the presumption arising from the recent possession of stolen property "is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt." *S. v. Baker, supra.*

New trial.