STATE v. HARRY WEINSTEIN.

(Filed 22 November, 1944.)

1. **Larceny §§ 4, 7: Indictment § 19: Criminal Law § 52b—**

Allegations of ownership of the property described in a bill of indictment for larceny must be proven substantially as laid, else a fatal variance would result, and this would be available on a motion to nonsuit.

2. **Gifts § 1—**

In order to pass title to personal property as a gift there must have been both an intention to give and a delivery. While the delivery may be actual or constructive, the donor's surrender of the property must be complete and his control relinquished.

3. **Gifts § 2—**

When citizens of a city, in response to appeals of a Chamber of Commerce both by radio and newspaper advertisement, contributed waste paper for a charitable purpose to such Chamber of Commerce, by placing the paper in bundles on the curb in front of their residences for the convenient collection of same for donee, the title passes from the donors to donee without an immediate act of possession.

4. **Criminal Law § 52b—**

A motion for judgment of nonsuit must be denied, if there be any substantial evidence—more than a scintilla—to prove the allegations of the indictment.

5. **Same: Larceny § 7: Receiving Stolen Goods §§ 6, 8—**

Where a defendant, charged in the indictment with larceny and receiving, is found guilty on both counts and a single judgment rendered, there being evidence to support the judgment on the second count, motion for nonsuit is properly denied.

6. **Larceny § 7: Receiving Stolen Goods § 6—**

Upon an indictment for larceny and receiving, where there is evidence that, before the goods were received by defendant, repeated notice was given him that the said goods were the property of another and that same had been feloniously carried away by defendant's trucks and notwithstanding such notice defendant received the goods and was in the act of packing same for shipment when discovered and attempted to misdirect the seeking officers, there is sufficient evidence for the jury and motion to nonsuit was properly refused.

7. **Criminal Law § 32a—**

The admissibility of circumstantial evidence, otherwise competent to prove the commission of the offense and the guilty participation therein of the accused, may not be successfully questioned.

8. **Criminal Law §§ 31a, 31f: Larceny § 6: Receiving Stolen Goods § 5—**

In a criminal prosecution for larceny and receiving of paper, evidence of size, weight, quantity and value of the paper, from experienced wit-

nesses, who based their opinions on personal observation, is admissible to show a value of more than $50 to establish a felony under G. S., 14-72.

**9. Larceny § 5—**

The doctrine of recent possession in larceny applies only when the possession is of a kind which manifests that the stolen goods came to the possessor by his own act or with his undoubted concurrence, and so recently and under such circumstances as to give reasonable assurance that such possession could not have obtained unless the holder was himself the thief. The presumption is one of fact only, to be considered merely along with other evidence of guilt.

**10. Larceny §§ 5, 8: Receiving Stolen Goods § 4—**

A charge by the court, in a prosecution for larceny and receiving, that where property has been stolen, or so proven beyond a reasonable doubt, and some time thereafter it is found in defendant's possession, he is presumed to be the thief and the more recent the possession the stronger the presumption, is not harmful error, the court thereafter having referred to the evidence of recent possession as a circumstance which the jury had a right to consider.

APPEAL by defendant from *Hamilton, Special Judge,* at April Term, 1944, of WAKE. No error.

The defendant was charged with larceny of a quantity of waste paper of the value of $325, the property of the Raleigh Junior Chamber of Commerce, Inc., with a second count in the bill of indictment charging him with receiving said property knowing it to have been stolen.

There was evidence offered by the State tending to show that the Junior Chamber of Commerce had by extensive advertisement asked the people of Raleigh to contribute to it waste paper to be used by it for charitable purposes. By radio and newspaper advertisement the people were requested to prepare the paper in bundles and on a certain day place these bundles on the curb in the street in front of their houses so that collection thereof by the Junior Chamber could be made by use of the city trucks. The date for the collection of this paper was fixed for Sunday, 20 February, 1944, but, due to rain, by frequent radio announcement the collection was postponed until Monday, 21 February, 1:00 p.m. However, a large quantity of paper bundled and tied as requested was by numerous citizens placed on the street as a donation to the Junior Chamber of Commerce. Much of this became rain soaked.

The defendant, who is a junk and scrap dealer, offered to the Junior Chamber of Commerce $9.00 per ton for the paper to be thus contributed to it, but this offer was declined as the market price was $12 to $22.

It was testified that on Sunday afternoon it was observed that in response to the request of the Junior Chamber of Commerce, in the northwestern portion of the city alone, 60,000 to 75,000 pounds of waste

paper had been placed in bundles on the street, and that on Monday morning 40,000 or 50,000 pounds of this was missing. Numerous witnesses testified that they had donated waste paper and placed it in bundles on the curb as requested, and later recognized some of that found on Monday in defendant's possession as being that contributed by the witnesses to the Junior Chamber of Commerce for the purposes indicated. A truck identified as belonging to defendant and distinguished by an orange crush sign on it was observed gathering waste paper from the curb on certain streets. Another truck, a red truck, belonging to defendant, was found with water-soaked paper in bundles, some containing items of paper identified by witnesses as having been given by them and placed on the street for the Junior Chamber of Commerce.

Monday morning, 21 February, the defendant was notified his truck with the orange crush sign was picking up paper belonging to the Junior Chamber of Commerce on White Oak Road, but defendant denied it was there. He was then notified not to unload that truck when it came in to his place, and he agreed not to unload any trucks coming in with bundles of paper, but to notify the police department. Later he admitted the truck with the orange crush sign had come in, but misdirected the officers as to where it and the paper were. Later he led the officers to where the paper from this truck was being loaded by him into a railroad freight car for shipment. Some of the paper was identified by witnesses as that which had been contributed by them to the Junior Chamber of Commerce and placed on the street for collection. The piles of waste paper, including the paper identified, in the defendant's warehouse and in the freight car and on the truck were estimated to weigh in the aggregate some ten tons or more. The market value was $14 per ton. The paper from the truck with the orange crush sign weighed 1,350 pounds.

It also appeared that defendant tried to get the newspaper which advertised the collection of waste paper by the Junior Chamber of Commerce to insert immediately underneath that notice defendant's advertisement to the public not to give their paper away, but sell it to him. This was refused, and defendant became angry and said he was going to get his share of the paper put out on the street.

The defendant offered no evidence, and did not go on the stand.

There was a verdict of guilty on both counts, and the value of the property so found to have been stolen and received was determined to be $100.

From judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Thos. W. Ruffin for defendant.*

DEVIN, J.   At the outset the defendant assails the correctness of the judgment below on the ground that the evidence was insufficient to warrant submission of the case to the jury.   He assigns as error the denial of his motion for judgment as of nonsuit.   This motion was based in part upon the view that while the bill of indictment charged the larceny and receiving of waste paper, the property of the Junior Chamber of Commerce, the evidence did not show that the title to the property had ever passed to that body.

It is true the allegation of ownership of the property described in a bill of indictment for larceny must be proven substantially as laid, *S. v. Harris,* 195 N. C., 306, 141 S. E., 883, else a fatal variance would result, *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6, and this would be available on a motion to nonsuit, *S. v. Nunley, ante,* 96, but we think there is evidence to support the allegation of ownership.   While the paper was contributed by numerous citizens of Raleigh, it was donated by them to the Junior Chamber of Commerce in response to its request, to be used for its charitable purposes.   Pursuant to this intent and purpose the paper was placed on the street off the premises of the donors in convenient location and form for collection by the trucks of the Junior Chamber of Commerce.   In order to pass the title there must have been both the intention to give and a delivery.   *Newman v. Bost,* 122 N. C., 524, 29 S. E., 848; *Bynum v. Bank,* 219 N. C., 109, 12 S. E. (2d), 898; *Bynum v. Bank,* 221 N. C., 101, 19 S. E. (2d), 121.   While the delivery may be actual or constructive, the donor's surrender of the property must be complete and his control relinquished. *Parker v. Mott,* 181 N. C., 435, 107 S. E., 500; *Taylor v. Coburn,* 202 N. C., 324, 162 S. E., 748; 24 Am. Jur., 742.   Applying these principles, we think the evidence here, in the light most favorable for the State, tends to show relinquishment of possession and control of the property by the donors, with intent to give, by placing it off the donors' premises on the street where designated by the donee, and that this was 'for the purpose of completing the gift and delivering possession of the property to the Junior Chamber of Commerce.   Under these circumstances we think this would evidence a divesting of the title to the property on the part of the donors, and vesting title thereto in the donee.   Nor would acceptance by the donee have to be manifested by immediate possession if a later time therefor had been fixed and agreed upon by the parties. 24 Am. Jur., 735.

Was there evidence sufficient to sustain, in all other essential respects, the charge of larceny of the property described, or of receiving it knowing it to have been stolen?   The rule is that the motion for judgment of nonsuit must be denied if there be any substantial evidence— more than a scintilla—to prove the allegations of the bill.   *S. v. Shermer,*

216 N. C., 719, 6 S. E. (2d), 529. The testimony does not show that the defendant personally participated in the taking or removal of any of the property alleged. *S. v. King*, 222 N. C., 239, 22 S. E. (2d), 445. Whether evidence that his trucks operated by his employees were used in taking and carrying away the property, together with evidence of his recent possession of the stolen goods as an incriminating circumstance, should be held sufficient to warrant submission to the jury of the count of larceny, on the theory that he advised and procured the taking with felonious intent, need not be decided, as there is sufficient evidence, we think, to support the charge that the goods described were feloniously taken and carried away, and that the defendant received them with knowledge at the time that they had been so stolen. If so, this would be sufficient to prevent a nonsuit. There were two counts in the bill in the usual form for larceny and receiving, and the jury found the defendant guilty on both counts. A single judgment was rendered. As there was evidence to support the judgment on the second count, the motion to nonsuit was properly denied. *S. v. Cannon*, 218 N. C., 466, 11 S. E. (2d), 301.

Upon this point there was evidence that before the goods were received into his possession repeated notice was given the defendant that this paper was the property of the Junior Chamber of Commerce, and that it had been feloniously carried away by those operating his trucks. With this knowledge he received and appropriated the goods, took them into his possession, and was engaged in packing some of them for ship-ment when discovered. His statements before and at the time, as well as his effort to misdirect the seeking officers, would tend to support the charge of guilty knowledge.

Defendant assigns error in the ruling of the trial judge in admitting in evidence testimony as to the amount of paper put out on the street on Sunday for delivery to the Junior Chamber of Commerce and the amount found missing next morning. Objection to this testimony cannot be sustained. In order to show that the offense charged had been committed and as a step toward connecting the defendant therewith, it was competent for the State to show that a large amount of waste paper had been donated to the Junior Chamber of Commerce by citizens of Raleigh and placed on the street pursuant to the donee's request, and that a part of this paper was missing the next morning. The State was properly permitted to show this without attempting to account for all the missing property or showing it in defendant's possession. The admissibility of circumstantial evidence, otherwise competent, to prove the commission of the offense and the guilty participation therein of the accused may not be successfully questioned. 32 Am. Jur., 1035. Like-wise, testimony as to the size, weight and condition of the bundles of

paper found in defendant's possession was competent also on the question of value. It is generally held that evidence as to size, weight, quantity and value from experienced witnesses who base their opinions upon personal observation is admissible. 20 Am. Jur., 679. It was necessary for the State to show the value of the property taken or received to be more than $50 in order to establish the commission of a felony under the statute as charged in the bill of indictment, G. S., 14-72, and it was competent for the State to show any circumstance which would throw light on the subject of inquiry.

The defendant noted exception to the following portions of the judge's charge to the jury: "There is a principle of law recognized in this jurisdiction that where property has been stolen, that is, where it is admittedly stolen or shown beyond a reasonable doubt to have been stolen, and some time thereafter it is found in the possession of one, that one is presumed to be the one who stole it and the more recent the possession from the time of the stealing, the stronger is the presumption against him." It was contended that the language used in this instruction was prejudicial to the defendant in that it was susceptible of being understood as imposing a burden on the defendant not warranted by the evidence. It was urged that the ruling in *S. v. Holbrook*, 223 N. C., 622, and *S. v. Baker*, 213 N. C., 524, 196 S. E., 829, should be applied here, rather than that set out in *S. v. Williams*, 219 N. C., 365, 13 S. E. (2d), 617; *S. v. Best*, 202 N. C., 9, 161 S. E., 535; and *S. v. Anderson*, 162 N. C., 571, 77 S. E., 238.

While there is apparently a difference in the decided cases as to the application of the doctrine of recent possession in larceny, the distinction lies in the nature of the evidence upon which the instructions were given rather than in the principle involved. The applicability of the doctrine of the inference of guilt derived from the recent possession of stolen goods depends upon the circumstance and character of the possession. "It applies only when the possession is of a kind which manifests that the stolen goods came to the possessor by his own act or with his undoubted concurrence" (*S. v. Smith*, 24 N. C., 406), and so recently and under such circumstances as to give reasonable assurance that such possession could not have been obtained unless the holder was himself the thief. *S. v. Baker*, 213 N. C., 524, 196 S. E., 829; *S. v. Ford*, 175 N. C., 797, 95 S. E., 154; *S. v. Graves*, 72 N. C., 482. If the circumstances are such as to exclude the intervening agency of others between the theft and the recent possession of stolen goods, then such recent possession may afford presumptive evidence that the person in possession is the thief. *S. v. Patterson*, 78 N. C., 470; *S. v. Lippard*, 183 N. C., 786, 111 S. E., 722; *S. v. McFalls*, 221 N. C., 22, 18 S. E. (2d), 700. The presumption, however, is one of fact only and is to be considered

by the jury merely as an evidential fact along with other evidence in determining the defendant's guilt.   S. v. Baker, supra.

It will be noted that in this case there was evidence that the property was taken from the streets, and that the defendant operated trucks thereon for the collection of such property.   This, with evidence that a few hours after the property was missed this identical property was found in defendant's possession, would seem to render applicable the principle of law contained in the instruction complained of.   It further appears that the trial judge, after using the quoted words to which exception was noted, referred to the evidence of the recent possession of the waste paper by the defendant in this case as a circumstance which the jury had a right to consider.

While we think the possibility of misinterpretation would be avoided by treating recent possession of stolen goods merely as an evidential fact, under the evidence in this case we find no prejudicial error has been shown in the court's instruction to the jury on this point.

There was no exception to the court's charge on the second count in the bill, for receiving stolen goods knowing them to have been stolen, nor on the question of the value of the property.

In the trial we discover no error which would require setting aside the verdict and judgment.

No error.