STATE v. O. MAX GARDNER CHAMBERS.

(Filed 16 December, 1953.)

**1. Larceny § 5—**

The fact that stolen goods are found in the possession of a person, by his own act or concurrence, soon after the goods were stolen, permits the logical inference therefrom that he is the thief.

**2. Same—**

The presumption arising from the recent possession of stolen property is one of fact only, and is to be considered by the jury merely as an evidential fact along with other evidence in determining defendant's guilt.

**3. Evidence § 6—**

A presumption of law is generally a mandatory deduction which the law directs to be made in the sense of a rule of law; a presumption of fact is a deduction from the evidence, having its origin in the well recognized relation between certain facts in evidence and the ultimate question to be proven.

**4. Larceny § 8—**

Instructions to the effect that where a defendant is found in recent possession of property feloniously stolen that there is a presumption that defendant did the stealing, which presumption is strong or weak depending upon the length of time intervening, *is held* not prejudicial in view of the evidence in this case that stolen tires were found in defendant's possession close to the place from which they were stolen soon after they had been stolen, and that defendant was selling them after dark for a fraction of their value.

**5. Larceny § 7—**

Evidence that defendant had possession of stolen tires close to the place from which they were stolen, soon after they had been stolen, and was selling them after dark for a fraction of their value, and that some time later when defendant was apprehended he referred to "tires," although tires had not been mentioned to him by the officer, *is held* sufficient to be submitted to the jury in this prosecution for larceny and receiving stolen goods.

APPEAL by defendant from *Rousseau, J.,* April Term, 1953, of RICHMOND. No error.

The defendant was convicted of receiving stolen goods knowing them to have been stolen.

The warehouse of the American Oil Company in Richmond County was broken and entered 3 October, 1952, and eleven automobile tires were stolen therefrom. On 14 October following the warehouse was again entered and six automobile tires stolen. The witness Arvie Snead testified that "on or about October 3" he purchased four new auto tires from the defendant about 7 p.m., paying $45 for tires (worth $22 each). Later he said, "I don't know just what date I got the tires, it was somewhere about the 18th." The defendant had him wait on the side of the road while he brought the tires. The place was some 200 yards from the Oil Company's warehouse. Another witness John W. Douglas testified about the 15th of October, about dark, the defendant delivered to him four new tires for which he paid him $20.00. He got them out of a parked car and put them in witness' car. These tires were of the same kind and type as those in the Oil Company's warehouse. The defendant lives nearby. He was not regularly employed at this time. Louis Allen, Chief of Police, testified he was investigating these break-ins and questioned the defendant but did not mention tires, and told him to come to his office next day.

STATE v. CHAMBERS.

The defendant did not come but left the county. Four months later the sheriff saw the defendant in Wayne County and arrested him. When he saw the sheriff, and before anything had been said about tires, the defendant said, "I was coming up there Saturday and straighten this thing up about them tires."

There was verdict of guilty, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*John T. Page, Jr., for defendant, appellant.*

DEVIN, C. J. The defendant noted exception to and assigns as error the following instructions given to the jury by the court:

"Then on the count of larceny, gentlemen, there is this rule of law: Where a defendant is found in possession of property feloniously stolen and that possession is so recent from the time it was stolen that (he) could not have reasonably gotten the possession of that property without stealing it; if you find beyond a reasonable doubt that the defendant was in possession of the property and it had been feloniously stolen, then there is the presumption that the one in recent possession of the stolen property that that one did the stealing, and this presumption, gentlemen, is strong or weak depending upon the length of time that the property had been feloniously stolen, and the time it was found in the possession of the defendant. In other words, if the property was stolen last night feloniously, and found in the possession of the defendant today, that presumption would be stronger than it would if found in his possession two, three, or four weeks from the time it was stolen, and the further removed this possession is from the time it was stolen, the weaker this presumption becomes until it is only a mere circumstance to be considered by the jury."

The fact that stolen goods are found in the possession of a person, by his own act or concurrence, soon after the goods were stolen, permits the logical inference therefrom that he is the thief. This doctrine is imbedded in the law of evidence and has been frequently stated by this Court. While there is some difference in the decided cases as to the applicability of the doctrine and in the manner in which it is stated, the distinction lies rather in the nature of the evidence upon which it is grounded and the circumstance and character of the possession than in the expression of the principle involved. *S. v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920; *S. v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725; *S. v. McFalls,* 221 N.C. 22, 18 S.E. 2d 700; *S. v. Williams,* 219 N.C. 365, 13 S.E. 2d 617; *S. v. Baker,* 213 N.C. 524, 196 S.E. 829; *S. v. Lippard,* 183 N.C. 786, 111 S.E. 722; Stansbury, secs. 215, 242.

"If the circumstances are such as to exclude the intervening agency of others between the theft and the recent possession of stolen goods, then such recent possession may afford presumptive evidence that the person in possession is the thief. *S. v. Patterson,* 78 N.C. 470; *S. v. Lippard,* 183 N.C. 786, 111 S.E. 722; *S. v. McFalls,* 221 N.C. 22, 18 S.E. 2d 700. The presumption, however, is one of fact only and is to be considered by the jury merely as an evidential fact along with other evidence in determining the defendant's guilt." *S. v. Weinstein, supra.*

Referring to the distinction to be drawn between a presumption and an inference, we said *In re Will of Wall,* 223 N.C. 591 (594), 27 S.E. 2d 728, "However, the term presumption as connotating a presumption of law is generally used as indicative of a mandatory deduction which the law directs to be made, in the sense of a rule of law laid down by the Court, while a presumption of fact used in the sense of an inference is a deduction from the evidence, having its origin in the well recognized relation between certain facts in evidence and the ultimate question to be proven."

While the language in which the court stated the principle of recent possession may be subject to criticism when considered as the statement of a general rule applicable to all cases, in view of the evidence for the State that stolen tires were found in the possession of the defendant so soon after they were stolen, close to the place from which they were stolen, and that they were being sold after dark for a fraction of their value, we perceive no prejudicial effect from the language used of which the defendant can justly complain.

The evidence was sufficient to carry the case to the jury and the motion for judgment of nonsuit was properly denied.

We have examined the other exceptions to the judge's charge brought forward in defendant's case on appeal, but find nothing therein which would justify vacating the verdict and judgment of the Superior Court.

No error.