STATE v. CLYDE RAMSEY.

(Filed 24 November, 1954.)

Larceny §§ 5, 8—

The presumption arising from the recent possession of stolen property is to be considered by the jury merely as an evidential fact along with other facts in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt, and instruction that such presumption is not conclusive but may be overcome or rebutted by showing that the party in possession did not in fact steal or carry away the goods, is prejudicial error as placing, in effect, the burden upon defendant to rebut the presumption of his guilt.

APPEAL by defendant from *Whitmire, Special Judge,* and a jury, at 12 April, 1954, Extra Criminal Term of MECKLENBURG.

Criminal prosecution tried upon a two-count bill of indictment charging the defendant with (1) breaking and entering a building with intent to commit larceny therein, and (2) larceny of property of the value of more than $100. There was a verdict of guilty as charged in the bill of indictment, and from judgment sentencing the defendant to the State's Prison for a term of not less than seven nor more than ten years, he appeals.

*Attorney-General McMullan, Assistant Attorney-General Love, and William P. Mayo and Harvey W. Marcus, Members of Staff, for the State.*

*Amon M. Butler and Thomas G. Lane, Jr., for the defendant, appellant.*

STATE *v.* HADDOCK.

JOHNSON, J.   The defendant's chief assignment of error relates to the charge of the court on recent possession of stolen property.   The challenged portion of the charge is as follows:

"Now, another rule of law that the Court calls your attention to is this: When goods are stolen, one found in possession thereof so soon thereafter that the defendant could not have reasonably got possession unless he stole them himself, the law presumes that he was the thief, and if the theft occurred in a house or building that had been broken into or unlawfully entered, then the law likewise presumes that the defendant was the one who broke and entered said house or building with the intent to commit a felony or other infamous crime therein.

"Now, that, gentlemen, is presumption of fact but not of law.   It is a presumption that is weak or strong, depending upon the time between the taking and the finding in someone's possession.   It is not a conclusive presumption, but is a presumption that may be overcome or may be rebutted by showing that the party in possession did not, in fact, steal or carry away the goods."

This instruction, like the one held erroneous in *S. v. Holbrook,* 223 N.C. 622 (625), 27 S.E. 2d 725 (727), is "open to interpretation that the burden was on the defendant to rebut the presumption of his guilt, whereas the presumption arising from the recent possession of stolen property 'is to be considered by the jury merely as an evidential fact, along with the other evidence in the case, in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendant's guilt.'   *S. v. Baker, supra* (213 N.C. 524, 196 S.E. 829)."

The doctrine of recent possession and the guiding principles for its application are explained with care and preciseness by *Chief Justice Stacy* in *S. v. Holbrook, supra,* and in *S. v. McFalls,* 221 N.C. 22, 18 S.E. 2d 700.   See also *S. v. Baker, supra.*

We conclude that the challenged instruction weighed too heavily against the defendant.

New trial.