Santiago **RIVERA**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19528.

United States Court of Appeals District of Columbia Circuit.

Argued March 8, 1966.

Decided May 10, 1966.

Petition for Rehearing En Banc and for Rehearing before the Division Denied July 6, 1966.

---

Bazelon, Chief Judge, dissented.

———◆———

Mr. Milton Eisenberg, Washington, D. C. (appointed by this Court), for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Dean W. Determan, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and FAHY, Circuit Judge.

PER CURIAM:

Appellant was convicted of housebreaking and larceny. His principal contention on appeal, ably presented by counsel we appointed to present the appeal, is that the instructions to the jury did not adequately include appellant's theory of the case, based on his intoxicated condition when arrested with several of the stolen articles in his own pockets. His position is that he did not know what he had in his pockets and that the articles were planted on him by a companion in the car with him at the time.

Trial counsel did not clearly articulate to the trial court the instruction desired. In view of this and the strength of the evidence of appellant's guilt, coupled with the instructions as given, which left to the jury the issue whether the possession of the articles was innocent, we think reversal is not justified.

Affirmed.

BAZELON, Chief Judge (dissenting):

Appellant was convicted of housebreaking and petit larceny. His principal contention on appeal is that the trial court's instructions to the jury were inadequate and prejudicial. The only evidence at trial was that sometime during the night of January 13–14, 1965, an office at a used car lot was broken into. Among the items taken were a key case, a portable transistor radio, a set of Maryland license tags, and an adding machine. At about 4:15 p. m. the next afternoon a police cruiser stopped a car with three occupants for going through a stop sign. Appellant, the driver, was placed under arrest for driving while intoxicated. Subsequently, the police found the stolen key case and transistor radio in appellant's pockets, the missing license tags on the floor of the car's back seat, and the stolen adding machine in the trunk. The government requested and the trial court charged the jury that:

[T]here is a principle of law that if the defendant is found to be in unexplained exclusive possession of stolen property shortly after the commission of housebreaking or larceny, this circumstance is an evidential fact which the jury may consider and which may satisfy the jury that the possessor of the articles is the thief and may in itself warrant a verdict of guilty.

Appellant does not contest the sufficiency of the evidence to support a verdict of guilty, nor does he object to the court's charge insofar as it states a general proposition of the criminal law. But he contends that the trial court erred by

refusing his request to instruct the jury regarding the defense theory that appellant was so drunk at the time of arrest he did not know what he had in his pockets and that the stolen items found in his pockets had been planted on him by one of the other passengers of the car.[1]

It is well established that:

[I]n criminal cases the defendant is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.[2]

All the witnesses in this case agreed that appellant was very intoxicated, perhaps to the point of incoherence, at the time of his arrest. There was some testimony, albeit quite weak, that Clinton Burch, one of the passengers in the car, had an opportunity to plant the key case and radio on appellant without his knowledge before he was searched. Moreover, it was clearly established that the car was owned by Burch's brother, and the fact that the license tags and adding machine were found in the car but out of the sight of the driver could be viewed as linking Burch, rather than appellant, with the crimes charged in the indictment. This

evidence, I think, was sufficient to permit the jury to accept appellant's version, at least to the extent of raising a reasonable doubt about his guilt. Hence, appellant was entitled to the instruction on his theory of the case.[3]

I also think the court's charge was deficient in another respect, which undermines the strength of the evidence of guilt. A verdict of guilty in this case required the jury first to find that the stolen goods were in the exclusive possession of the accused.[4] Much of the testimony at trial concerned the stolen license tags and adding machine which were found in the car. In addition, the government in its closing argument and the court in its summation of the evidence to the jury placed some stress on this evidence. Yet at no time did the court explain to the jury the meaning of the concept "exclusive possession," or the necessity of making a finding on this issue.[5] Such an explanation might have led the jury to find that the license tags and adding machine, which were not found on appellant's person but in the car which belonged to another, were not in appellant's possession.

Appellant did not request an instruction explaining "exclusive possession."

1. Appellant's trial counsel never particularized the desired instruction. However, he did request "an instruction that possession must be knowing, that he must know that he is possessing it. This man was so drunk he didn't know what he had." This statement, together with defense counsel's cross examination and his opening and closing arguments to the jury, sufficiently reflected the general purport of the desired instruction: that if the jury believed appellant was not aware of the stolen property on his person and that the goods were planted on appellant or came into his possession subsequent to the commission of the crime, they should find him not guilty.

2. Tatum v. United States, 88 U.S.App.D.C. 386, 391, 190 F.2d 612, 617 (1951). See also Collazo v. United States, 90 U.S.App. D.C. 241, 246, 196 F.2d 573, 578, cert. denied, 343 U.S. 968, 72 S.Ct. 1065, 96 L.Ed. 1364 (1952) ("A charge to a jury should be drawn with reference to the particular facts of the case on trial.").

3. The trial court at one point stated to defense counsel:

"I deny your request [for instructions on knowing possession], except I will say [appellant] * * * had to know what was in the car. Well, he knew what was on his person."

Of course it would be error to refuse the instruction simply because the court did not believe appellant's version of the case.

4. See, e. g., Travers v. United States, 118 U.S.App.D.C. 276, 335 F.2d 698 (1964); Barfield v. United States, 229 F.2d 936, 940–941 (5th Cir. 1956); State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902 (1921).

5. See, e. g., Barfield v. United States, *supra* note 4, 229 F.2d at 940–941, 942–943 and n. 7 (majority and concurring opinions); State v. Sullivan, *supra* note 4; State v. Weinstein, 224 N.C. 645, 31 S.E.2d 920, 156 A.L.R. 625 (1944). Cf. United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965).

But courts have long recognized the dangers of inferring guilt solely from possession of stolen goods and the need to instruct the jury carefully and fully, tailoring the charge to the facts of the case.[6] Here the trial court apparently was aware that the facts were subject to conflicting interpretations concerning appellant's possession of the license tags and adding machine,[7] but it failed to alert the jury to this issue. Whether or not this omission standing alone was plain error, when taken in combination with the refusal to instruct on appellant's theory of the case, I think it clear that substantial rights of appellant were adversely affected.[8] I would reverse the conviction and remand the case for new trial.

6. See, e. g., cases cited in note 4 *supra*. *Cf.* People v. Galbo, 218 N.Y. 283, 112 N.E. 1041, 2 A.L.R. 1220 (1916). See also Holland v. United States, 348 U.S. 121, 129, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

7. See note 3 *supra*.

8. See Barfield v. United States, *supra* note 4, where the inference of guilt depended on the jury first finding that the defendant had possession of the car which he was driving but which was owned by another. The court stated:
   [U]nder the circumstances of this record there was a need for a clear and understandable instruction on the concept of 'possession.' Were it not so fundamental as we approach this case, we would not reverse alone because of it, since no adequate exception was taken [at trial] * * *. It is the possession which is crucial to the whole case. Here the jury had no guide as to what constituted possession. * * * [W]e think the Trial Judge must take great pains to make certain that the jury understands what is required to be possession * * *. [*Id.* 229 F.2d at 940–941.]