STATE OF NORTH CAROLINA v. JIMMY HOWARD LEDBETTER

No. 6927SC314

(Filed 23 July 1969)

**1. Larceny § 5— presumption arising from possession of recently stolen property**

Possession of stolen property shortly after the property was stolen raises a presumption of the possessor's guilt of larceny of such property.

**2. Criminal Law § 104— nonsuit — consideration of evidence**

On motion for nonsuit, all of the evidence must be taken in the light most favorable to the State.

**3. Larceny § 7— larceny of automobile — nonsuit**

Evidence of defendant's guilt of the larceny of an automobile was sufficient to be submitted to the jury.

APPEAL by defendant from *Grist, J.,* 28 January 1969 Session of the Superior Court of CLEVELAND County.

Defendant was charged in a bill of indictment with the felony of larceny of an automobile of the value of twelve hundred dollars.

Defendant's plea was not guilty. Verdict of the jury was guilty as charged. From a judgment of imprisonment for not less than eight nor more than ten years, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Trial Attorney Robert G. Webb for the State.*

*N. Dixon Lackey, Jr., for the defendant.*

MALLARD, C.J.

The State's evidence is summarized as follows: Troy Ernest Drum (Drum), who lives on Route 7, Shelby, was the owner of a Plymouth automobile, worth twelve hundred dollars, which he drove to work

on the night of 22 October 1968. He worked on the third shift at the Dover Yarn Mill, Buffalo. When he got off the next morning at 6 o'clock, his automobile was gone. He reported this to the police. He had not given anyone permission to take or drive his automobile. At about 11:00 A.M. on the morning of 23 October 1968, the police officers of Kings Mountain arrested the defendant who was alone and driving Drum's automobile on the streets of the City of Kings Mountain. Drum's license plates had been removed and two South Carolina license plates were on the car. The South Carolina license plate appearing on the front was not the same number as the one on the rear. Drum's automobile was returned to him on 23 October 1968 about noon but he never did recover his license plates.

Defendant's evidence is summarized as follows: His home is in Bessemer City. He was arrested by the police officers on 23 October for not having an operator's license. The Plymouth automobile he was driving had been borrowed by him from a Miss Tina Owens, a girl he had met at Gastonia in a "package store" located at the corner of Franklin Avenue and Bessemer City Road. Beer and wine is also sold at this "package store." He had just got acquainted with her on that morning between 9:30 and 10 o'clock. He borrowed the car to go to borrow some money from his brother-in-law. On the way to find his brother-in-law he was stopped and arrested by the officers. He did not steal the car. Since his arrest he has tried to contact Tina Owens but has been unable to find her. She had driven the car from Gastonia to the Bessemer City-Kings Mountain Trailer Court. She got out there and he drove the car to the place he was arrested.

On cross-examination he testified as follows:

"I have been tried and convicted of assault with a deadly weapon with intent to kill and simple assault, larceny, and trespassing. I have never been convicted of breaking and entering and larceny but was convicted once of larceny. The time I spent in prison was for assault with a deadly weapon, felonious assault. I got out on Monday before the Wednesday I was picked up in this automobile."

The defendant assigns as error the failure of the court to allow his motion for judgment of nonsuit at the close of all the evidence.

[1]    "Possession of stolen property shortly after the property was stolen raises a presumption of the possessor's guilt of larceny of such property." 5 Strong, N.C. Index 2d, Larceny § 5. See also State v. Chambers, 239 N.C. 114, 79 S.E. 2d 262 (1953); State v. Frazier and

*State v. Givens*, 268 N.C. 249, 150 S.E. 2d 431 (1966); and *State v. Hayes*, 273 N.C. 712, 161 S.E. 2d 185 (1968).

**[2,3]**   On a motion for nonsuit all the evidence must be taken in the light most favorable to the State. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). When thus viewed the evidence of the State was sufficient to carry the case to the jury, and the motion of the defendant for judgment of nonsuit was properly denied.

No error.

BRITT and PARKER, JJ., concur.