STATE OF NORTH CAROLINA v. JOHN DEAN HAMLET

No. 8425SC571

(Filed 18 June 1985)

**Larceny § 5.2— recent possession — sufficient evidence that possession was recent**
  The evidence was sufficient to support defendant's convictions of felonious breaking or entering and felonious larceny under the doctrine of recent possession where defendant conceded that the property was stolen; the facts were sufficient to support defendant's exclusive possession of the stolen goods; and defendant sold a stolen television on May 17 after a deputy had seen it in the trunk of a car occupied by defendant and another man on 16 May; defendant had told the deputy that the television was his; a piece of fiberglass found at the site of the break-in matched a piece of broken fiberglass on the car occupied by defendant; and the owner of the cabin at the break-in site testified that the break-in had occurred within four weeks of May 18.

  Judge BECTON dissenting.

APPEAL by defendant from *Howell, Ronald W., Judge*. Judgment entered 24 January 1984 in CALDWELL County Superior Court. Heard in the Court of Appeals 8 February 1985.

Defendant was convicted by a jury on a three-count indictment charging felonious breaking or entering, felonious larceny, and felonious possession of stolen property. The trial court arrested the guilty verdict on the felonious possession charge, and imposed consecutive sentences of fifteen years on the other two charges.

The evidence at trial showed that on 16 May 1983, defendant had been working on his car all day at home when, at about 4:30 p.m., Jerry Johnson drove up to defendant's trailer in a blue car owned by Johnson's wife. There was a television set in the open car trunk. Defendant drove Johnson across town. They returned to defendant's trailer at about 7:00 p.m., at which time they were stopped by a sheriff's detective, who arrested Johnson on an unrelated matter.

The detective testified that he observed a television in the trunk and some personal property, including linens, in the passenger area, and when he asked to whom this property belonged, defendant responded that it was his. (Defendant later testified that Johnson had asked him to claim ownership.) The detective further testified that he noticed a fiberglass piece around the car headlight was broken, and that as he was leaving with Johnson in custody, he noticed defendant carrying the items into the trailer.

The following day, 17 May 1983, Jerry Hamby purchased a television and stereo from defendant, with defendant signing the $250 bill of sale. Johnson was present at the time the sale was made. On 18 May 1983, Carl L. Dill discovered that his vacation cabin had been broken into, and that a color television and controls, a wagon wheel, a wooden shade and some linens were missing. Dill testified that the items had been in the cabin when he last visited approximately four weeks earlier; beyond that, he could not estimate when the break-in occurred.

The sheriff's deputy who investigated the break-in found a broken cabin window, noticed that the front yard gate was bent down, and found a piece of blue-green fiberglass in or near the gate. The deputy turned over the piece of fiberglass to the detective who had stopped defendant and Johnson; the detective compared the piece to the fiberglass around the headlight of Mrs. Johnson's car and stated that he "got a physical match with the 2 items." The detective also subsequently recovered a console television set from Hamby, which Dill identified as the one that had disappeared during the break-in.

Defendant denied ever having been on the Dill property, or stealing the television, testifying that the first time he ever saw the television was at 4:30 p.m. on 16 May, when he saw it in the trunk of Mrs. Johnson's car.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant.*

WELLS, Judge.

Defendant makes a single argument on this appeal: that the breaking or entering and larceny convictions must be reversed because the state relied entirely on the doctrine of recent possession to support these convictions, and there was no direct evidence of recent possession.

The doctrine of recent possession:

> [I]s simply a rule of law that, upon an indictment for larceny, possession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property. . . . Furthermore, when there is sufficient evidence that a building has been broken into and entered and thereby the property in question has been stolen, the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty of the larceny and also of the breaking and entering. . . .

*State v. Maines*, 301 N.C. 669, 273 S.E. 2d 289 (1981). The presumption is strong or weak depending upon the circumstances of the case and the length of time intervening between the larceny and the discovery of the goods; the presumption is an evidential fact to be considered by the jury along with other evidence in the case. *Id.* The presumption arises only when the state proves beyond a reasonable doubt that (1) the property was stolen, (2) that it was found in the defendant's exclusive control and custody, or that defendant had the power and intent to control the goods, and (3) the possession was recently after the larceny. *Id.*

Applying this three-part test to the facts, we find that, first, defendant concedes that the property was stolen. Second, although defendant contends otherwise, we find the facts sufficient to support the element of defendant's exclusive possession of the stolen goods. Defendant admitted to the sheriff's detective that he was the owner of the goods, and although he testified at trial

that Johnson told him to claim ownership, the undisputed evidence shows that defendant carried the television and other items into his trailer, and that defendant personally sold the television to Jerry Hamby the following day. *See State v. Maines, supra* (what constitutes exclusive possession generally turns on circumstances of possession).

The question remains, however, whether the state's evidence demonstrated that the property had been *recently* stolen. The term "recent" is a relative one, dependent on pertinent circumstances of the individual case, *State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725 (1943), which circumstances include the length of time between the theft and the possession, the type of property involved and its legitimate availability in the community, *i.e.*, whether it is a type normally and frequently traded in lawful channels. *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969), *compare State v. Parker*, 54 N.C. App. 522, 284 S.E. 2d 132 (1981). The evidence showing defendant's sale of a valuable television almost immediately after it was discovered in his possession, the evidence from which the inference could be drawn that the theft of the television was recent, and the evidence connecting Mrs. Johnson's car to the premises at which the theft occurred was sufficient to show that the stolen property was recently stolen.

We find no error in the trial below

No error.

Judge WHICHARD concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that the State's evidence was insufficient to raise the presumption that the television sold by defendant to Jerry Hamby had been recently stolen by defendant, I dissent.

*State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725 (1943) and *State v. Blackmon*, 6 N.C. App. 66, 169 S.E. 2d 472 (1969), which the majority cites, are distinguishable. Actually, Holbrook was granted a new trial as a result of errors in the trial court's jury

instructions. The *Holbrook* Court noted, however, that "it is manifest that [Holbrook] had the tires *six or seven* days after the larceny and sold two of them to Rom Billings. . ." and then issued a caution which I deem significant: "The doctrine that there is, or may be, a presumption of guilt from the recent possession of stolen goods is one that should be kept in proper bounds or, in the language of *Lord Hale*, 2 Pleas of the Crown, 289, 'It must be very warily pressed.'" *State v. Holbrook*, 223 N.C. at 624-5, 27 S.E. 2d at 727 (emphasis added).

In *Blackmon*, although 27 days elapsed between theft and discovery, there was fingerprint evidence linking defendant with the time and place of theft, and also evidence that the stolen wrench was "a handmade special-purpose tool not normally available in the community." On these facts, it was deemed proper to instruct the jury on the doctrine of recent possession.

*Blackmon* was specifically distinguished in *State v. Parker*, 54 N.C. App. 522, 284 S.E. 2d 132 (1981). In *Parker*, the defendant lived next door to the prosecuting witness, whose stereo tapes were recovered from defendant's room nineteen days after the theft, and whose rifle was recovered from defendant's closet thirty days after the theft. Although the defendant lived next door, the *Parker* Court indicated that no circumstantial evidence established defendant's presence at the exact time and place of the theft. As the *Parker* Court pointed out, Blackmon's conviction was upheld "based upon the uniqueness of the stolen wrench [a handmade tool] as well as the fingerprint evidence against defendant . . . [which] tended to establish defendant's presence *at the exact time and place the wrench was stolen*." 54 N.C. App. at 527, 284 S.E. 2d at 135 (emphasis added).

In addition, in *Parker*, the stereo tapes and rifle were admitted by the State to be items normally traded in lawful channels. The *Parker* Court held that the facts and circumstances did not give rise to the doctrine of recent possession, and as the State had relied exclusively on that theory, the lower court committed reversible error in denying defendant's motion to dismiss.

In my opinion, the situation before us resembles that in *Parker* in that the State relied solely on the doctrine of recent possession. Here, up to a month elapsed between the theft and the discovery of the television and other goods in defendant's

possession. The fact that the television was sold by defendant the day after discovery goes only to the exclusivity of defendant's possession, not to the recentness of the larceny. The matching up of the fiberglass on Mrs. Johnson's car to that on Dill's gate merely connects the vehicle, not the defendant, to the breaking or entering or larceny. In short, the evidence simply does not "manifest a substantial probability that the stolen goods could only have come into the defendant's possession by his own act, [excluding] the intervening agency of others. . . ." *State v. Blackmon*, 6 N.C. App. at 76, 169 S.E. 2d at 479. *See State v. Jackson*, 274 N.C. 594, 597, 164 S.E. 2d 369, 370 (1968) ("The possession, in point of time, should be so close to the theft as to render unlikely the possibility that the possessor could have acquired the property honestly").

In conclusion, believing the evidence does not properly support the application of the doctrine of recent possession to this case, I vote to reverse the convictions for felonious breaking and entering and felonious larceny.