STATE OF NORTH CAROLINA v. CHARLES DWIGHT WALLER

No. 7114SC391

(Filed 14 July 1971)

**Larceny § 5— recent possession doctrine — theft of old coins — lapse of 10 days between theft and discovery**

    The lapse of ten days between the theft of old coins and the finding of the coins on defendant's person was not so long as to exclude the application of the recent possession doctrine, where the coins consisted of such distinctive items as Indian head pennies, a bent 1854 dime, and a Stone Mountain 1925 memorial half dollar that was enclosed in a container.

ON *certiorari* to review order of *Ragsdale, Special Judge,* 27 April 1970 Session of Superior Court of DURHAM County.

Defendant was charged, in a proper bill of indictment, with felonious breaking and entering and larceny. He entered a plea of not guilty and was found by the jury to be guilty as charged. From judgment entered on the verdict, defendant appeals.

*Attorney General Morgan by Assistant Attorney General Hafer for the State.*

*Pearson, Malone, Johnson & DeJarmon, by C. C. Malone, Jr., for defendant appellant.*

MORRIS, Judge.

We note at the outset that judgment was entered on 27 April 1970. Defendant gave notice of appeal. The appeal was not perfected, and petition for writ of *certiorari* was filed in April 1971 and allowed by this Court on 22 April 1971. Counsel gives as the reason for a year's delay his involvement in the trial of other matters and the solicitor's delay in agreeing to the case on appeal. The record does not include determination of indigency nor order appointing counsel. In the record, however, defendant is referred to as an indigent. We, therefore, assume that counsel is court appointed. Though defendant may not have been counsel's client by choice, he was, nevertheless, entitled to have his appeal perfected by his court-appointed counsel without the apparently unjustified delay of a year in putting machinery in motion to obtain appellate review of his trial.

Defendant's only assignment of error is to the failure of the court to grant his motion for nonsuit at the close of the evidence presented.

It is a familiar principle of law that in a criminal action upon a motion for judgment as of nonsuit the evidence must be interpreted in the light most favorable to the State and all reasonable inference favorable to the State must be drawn from it. *State v. Miller,* 270 N.C. 726, 154 S.E. 2d 902 (1967), and cases there cited.

In this case, all the evidence presented came from the State. It tended to establish the following facts: The prosecuting wit-

ness, Ira Cecil Miller, left his residence at 1207 Alma Street in Durham, about 7:00 p.m. on Tuesday, 12 January 1970. All doors and windows were locked. Upon his return to his home around 9:00 p.m., the rear door was standing open, the glass nearest the door knob having been broken out. It is possible to open the door without a key from the inside. The house was in disarray, dresser drawers had been emptied into the floor, and several items were missing—a table model color TV set, transistor radio, and some old coins. The coins missing were some Indian head pennies, a bent 1854 dime, and a memorial half dollar which had two men on horseback and is enclosed in a container so it can be placed on a key chain. This half dollar bore the notation "Stone Mountain, 1925." Approximately two weeks after the break-in, witness was called to the police station and there identified the missing coins. The memorial half dollar and the 1854 dime were identified by him at trial as coins left by him in his home in a dresser drawer on 12 January 1970, and missing when he returned to his home later that night. As to the Indian head pennies, witness stated they were exactly like the ones he had in his drawer and all of them were missing after the break-in.

A police officer testified that on 23 January 1970, about 8:00 p.m. he went to a certain location in the city of Durham in response to a radioed prowler call. He saw and arrested defendant about a block away from the residence of the prosecuting witness in this case. He searched defendant and found on his person the coins identified by prosecuting witness.

By his assignment of error defendant raises the question whether, on the facts in this case, the time which elapsed from the date of the theft until the property was found in the possession of defendant was too great for the doctrine of possession of recently stolen property to apply.

Conditions for application of the doctrine of possession of recently stolen property were set out by Chief Justice Parker in *State v. Foster*, 268 N.C. 480, 151 S.E. 2d 62 (1966). If these conditions are met, *i.e.*, (1) if the property found in his possession had been stolen, (2) if this property is the same property which was stolen at the time and place that the property listed in the bill of indictment was stolen, and (3) if this property was found in his possession sufficiently soon after the theft to give rise to the presumption; and where, as in the case

before us, there is sufficient evidence that the building has been broken into and entered and the property stolen therefrom, there a question of *fact* arises that the possessor of the stolen property is guilty of both the breaking and entering and the larceny.

No criterion is to be found in the decided cases for ascertaining just what possession is to be regarded as recent and therefore of presumptive evidentiary value.

> "Whether the time elapsed between the theft and the moment when the defendant is found in possession of the stolen goods is too great for the doctrine to apply depends upon the facts and circumstances of each case. Among the relevant circumstances to be considered is the nature of the particular property involved. Obviously if the stolen article is of a type normally and frequently traded in lawful channels, then only a relatively brief interval of time between the theft and finding a defendant in possession may be sufficient to cause the inference of guilt to fade away entirely. On the other hand, if the stolen article is of a type not normally or frequently traded, then the inference of guilt would survive a longer time interval. In either case the circumstances must be such as to manifest a substantial probability that the stolen goods could only have come into the defendant's possession by his own act, to exclude the intervening agency of others between the theft and the defendant's possession, and to give reasonable assurance that possession could not have been obtained unless the defendant was the thief. (Citations omitted.) The question is ordinarily a question of fact for the jury. *State v. White,* 196 N.C. 1, 144 S.E. 299." *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969).

We are of the opinion that the question was properly presented to the jury in the case before us. These were not ordinary coins one might receive in change. While it might not be unusual to receive one or more Indian head pennies as change or even the 1854 bent dime, it is highly unlikely that one would ever receive the 1925 Stone Mountain half dollar in its container in the ordinary exchange of money. Also it is highly unlikely that defendant would have received *all* these distinctive coins in the ordinary exchange of money. We think the circumstances are such as to exclude the intervening agency of others, and

that this possession is of a kind which manifests that the stolen goods came into the defendant's possession by his own acts. Therefore, the defendant's possession afforded presumptive evidence that he was the thief.

In *State v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725 (1943), Chief Justice Stacy quoted with approval the language of Justice Ashe in *State v. Rights*, 82 N.C. 675 (1880):

> "Ordinarily it is stronger or weaker in proportion to the period intervening between the stealing and the finding in possession of the accused; and after the lapse of a considerable time before a possession is shown in the accused, the *law* does not infer his guilt, but leaves that question to the jury under the consideration of all the circumstances."

We find no error in the court's submitting the question to the jury.

The coins sent up with the appeal as exhibits are ordered returned to the Clerk of the Superior Court of Durham County for delivery to the owner thereof, Mr. Ira Cecil Miller.

No error.

Judges BROCK and HEDRICK concur.