STATE OF NORTH CAROLINA v. STEPHON LAVARRIO CAVE, Defendant

No. COA05-169

(Filed 15 November 2005)

**1. Larceny— indictment—corporation—entity capable of owning property**

An indictment was sufficient to charge defendant with larceny and possession of stolen items even though defendant contends the named owner-entity "N.C. FYE, Inc." does not import an entity capable of owning property, because: (1) the fact of incorporation need not be alleged where the corporate name is correctly set out in the indictment; and (2) the abbreviation "Inc." imports the entity's ability to own property.

**2. Larceny— possession of stolen goods—motion to dismiss— sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of larceny and possession of stolen goods, because: (1) defendant's own testimony supports the trial court's denial of his motion to dismiss when defendant told the officers that he was the responsible party and not the codefendants; and (2) there was sufficient evidence taken in the light most favorable to the State based on evidence presented by the State, the testimony of store employees where merchandise had been stolen, the testimony of investigating officers, and evidence presented by defendant through his testimony and that of his codefendant.

Appeal by Defendant from judgment entered 31 July 2003 by Judge James C. Spencer, Jr., in Superior Court, Alamance County. Heard in the Court of Appeals 18 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Stormie D. Forte, for the State.*

*Bryan Emery Gates, Jr., for defendant-appellant.*

WYNN, Judge.

If a larceny indictment names a corporation as the owner, "the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation." *State v. Thornton*, 251 N.C. 658, 662, 111 S.E.2d 901, 903 (1960) (citation omitted). In this case, Defendant Stephon Lavarrio Cave argues the indictment issued in his charge of larceny is defective because the named owner-entity, "N.C. FYE, Inc.", does not import a legal entity capable of owning property. Following *Thornton*, we hold the larceny indictment was sufficient because the abbreviation "Inc." imports the entity's ability to own property. We further uphold the trial court's denial of Defendant's motion to dismiss the charges of larceny and possession of stolen goods.

The evidence at trial tended to show that on 21 December 2002, a customer in a mall observed individuals shoplifting. The customer reported the incidents to Steve Foust, an off-duty police officer working as mall security who conducted surveillance of the individuals, including Defendant. When Defendant and the individuals left the mall and returned to their vehicle, police officers detained them. Defendant, seated in the front passenger seat, responded by exiting the vehicle, using profanity and questioning the officers about why the vehicle had been stopped. The officers informed Defendant that the vehicle had been detained based on reports of shoplifting taking place within the mall.

Thereafter, the officers searched the vehicle and found items, including clothes, DVDs and CDs, from several stores. When Defendant and other passengers could not produce receipts or proofs of purchase for the items found in the vehicle, they were handcuffed. While detained, Defendant stated to the officers that the items in the vehicle belonged to him.

At trial, Defendant acknowledged that he initially accepted responsibility for the larceny because all of his co-defendants had prior records. Defendant stated at trial, "I said—I was the cool one. You know, I'm cracking jokes and stuff like that. I told them, I said, 'Well, just put everything on me.' I said, 'It's all mine'."

The jury returned a verdict of guilty for felony larceny, felony possession of stolen goods, and two counts of misdemeanor larceny. The trial court consolidated the felony larceny charge with one misdemeanor larceny charge and sentenced Defendant to five to six months imprisonment. The felony possession of stolen goods and the other misdemeanor larceny charge were continued on prayers for judgment.

[1] On appeal to this Court, Defendant first challenges the sufficiency of the indictment alleging larceny and possession of stolen items.[1] He alleges that the named-owner entity, "N.C. FYE, Inc.", does not import an entity capable of owning property.[2] We disagree.

To convict a defendant of injury to personal property or larceny, the State must prove that the personal property was that "of another," i.e., someone other than the person or persons accused. *See* N.C. Gen. Stat. § 14-160 (2004) ("If any person shall wantonly and willfully injure the personal property of another he shall be guilty . . . ."); *In re Meaut*, 51 N.C. App. 153, 155, 275 S.E.2d 200, 201 (1981). Moreover, "an indictment for larceny must allege the owner or person in lawful possession of the stolen property." *State v. Downing*, 313 N.C. 164, 166, 326 S.E.2d 256, 258 (1985). Thus, to be sufficient, an indictment for injury to personal property or larceny must allege the owner or person in lawful possession of the injured or stolen property.

"If the entity named in the indictment is not a person, it must be alleged 'that the victim was a legal entity capable of owning prop-

---

1. We note that Defendant failed to contest the sufficiency of the indictment before the trial court. However, it is well established that, when a fatal defect is present in the indictment charging the offense, "a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal." *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998). Accordingly, this issue is properly before the Court.

2. Before this matter came on for hearing on 18 October 2005, the State moved this Court to "take judicial notice of the Certificate of Existence issued by the North Carolina Secretary of State's office showing there is a record for FYE, Incorporated and that it is recognized as a company authorized to own property and transact business in the State of North Carolina." This Court granted that motion by Order dated 2 June 2005. Upon further consideration of that motion, we hold that the motion was improvidently granted as we deem the taking of judicial notice of this fact to be improper under Rule 201(b) of the North Carolina Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 201(b) (2004). *See also West v. G.D. Reddick, Inc.*, 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981) (stating that "a court may take judicial notice of a fact which is either so notoriously true as not to be the subject of reasonable dispute or *is capable of demonstration by readily accessible sources of indisputable accuracy.*" (emphasis in original)).

erty[.]' " *State v. Phillips*, 162 N.C. App. 719, 721, 592 S.E.2d 272, 273 (2004) (citation omitted). Further, " '[i]f the property alleged to have been stolen . . . is the property of a corporation, the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation.' " *Thornton*, 251 N.C. at 662, 111 S.E.2d at 903 (citation omitted). Our courts have held that the words "corporation," "incorporated," "limited," and "company," are sufficient to import a corporation in an indictment. *See Thornton*, 251 N.C. at 662, 111 S.E.2d at 903-04; *see also State v. Ellis*, 33 N.C. App. 667, 236 S.E.2d 299 (1977); *State v. Turner*, 8 N.C. App. 73, 173 S.E.2d 642 (1970). In addition, an abbreviation may be sufficient to import a corporation if the word for which the abbreviation stands imports a corporation. *State v. Woody*, 132 N.C. App. 788, 791, 513 S.E.2d 801, 803 (1999).

Here, the indictment for larceny named the property owner as "N.C. FYE, Inc.," which is not a natural person. Significantly, the indictment did not allege that it was a legal entity capable of owning property. However, our Supreme Court has held "that the fact of incorporation need not be alleged where the corporate name is correctly set out in the indictment." *Thornton*, 251 N.C. at 661, 111 S.E.2d at 903 (citation omitted). Moreover, the abbreviation "Inc.," in the name "N.C. FYE, Inc." is sufficient to import a corporation because the word for which the abbreviation stands, "Incorporation," imports a corporation. *Woody*, 132 N.C. App. at 791, 513 S.E.2d at 803. Because the name, "N.C. FYE, Inc.", imports a corporation, we find that the indictment was sufficient. This assignment of error is therefore without merit.

**[2]** Defendant next asserts the trial court erred in denying his motion to dismiss the two charges of misdemeanor larceny from the "Racing Edge" and "K.B. Toys," and the charges of felony larceny and felony possession of stolen items from "N.C. FYE, Inc.," due to insufficient evidence. We disagree.

"When a defendant moves to dismiss a charge against him on the ground of insufficiency of the evidence, the trial court must determine 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)), *cert. denied*, —— U.S.——, 161 L. Ed. 2d 122 (2005); *see also State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004); *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002).

" 'Substantial evidence' is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Garcia*, 358 N.C. at 412, 597 S.E.2d at 746 (citations omitted); *see also State v. Williams*, 355 N.C. 501, 578-79, 565 S.E.2d 609, 654 (2002). Moreover,

> [a] 'substantial evidence' inquiry examines the sufficiency of the evidence presented but not its weight. The reviewing court considers all evidence in the light most favorable to the State, and the State receives the benefit of every reasonable inference supported by that evidence. Evidentiary 'contradictions and discrepancies are for the jury to resolve and do not warrant dismissal.'

*Garcia*, 358 N.C. at 412-13, 597 S.E.2d at 746 (citations omitted). Additionally, " '[i]f there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.' " *Butler*, 356 N.C. at 145, 567 S.E.2d at 140 (citation omitted). Where the evidence presented is circumstantial, on a defendant's motion to dismiss, " 'the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, *taken singly or in combination*, satisfy them beyond a reasonable doubt that the defendant is actually guilty.' " *State v. Thomas*, 296 N.C. 236, 244, 250 S.E.2d 204, 209 (1978) (emphasis in original) (citation omitted).

To convict a defendant of larceny, the State must prove the following elements: 1) taking personal property belonging to another; 2) carrying it away; 3) without the consent of the possessor; 4) with the intent to deprive the possessor of it permanently; 5) knowing that the taker is not entitled to it. N.C. Gen. Stat. § 14-72 (2004).

Defendant argues that his mere presence at the scene where the larceny occurred and being in the vehicle with the stolen items at the time they were recovered is not sufficient evidence of him taking the property. However, "the communication or intent to aid, if needed, does not have to be shown by express words of the defendant but may be inferred from his actions and from his relation to the actual perpetrators." *State v. Sanders*, 288 N.C. 285, 291, 218 S.E.2d 352, 357 (1975).

Here, one of Defendant's co-defendants testified that he told an investigating officer that Defendant was acting as a lookout while

the others were stealing items from the stores. Furthermore, the store clerk at the "Racing Edge" identified Defendant as a person who entered the store with one or more of his co-defendants on 21 December 2002, and engaged in "distracting" behavior. Likewise, the store manager for FYE, Incorporated testified that Defendant entered the store twice on 21 December 2002, and appeared to be distracting the store employees' attention while his co-defendants removed items from the store.

Moreover, officers searched the vehicle in which Defendant was riding and found items from several stores, including clothes, DVDs and CDs. Defendant and other passengers in the car were unable to show receipts or proofs of purchase for the items found in the vehicle. Store employees identified merchandise from their respective stores.

Indeed, Defendant's own testimony supports the trial court's dismissal of his motion to dismiss. When officers stopped Defendant and his co-defendants and searched their vehicle, Defendant told the officers that he was the responsible party, and not the co-defendants. During direct examination, Defendant testified that he was unaware of his co-defendants taking any items from the store. However, in later testimony, Defendant acknowledged when he knew his co-defendants were taking merchandise, he would leave the store, thus, contradicting his earlier testimony.

Based on evidence presented by the State, through the testimony of store employees from where merchandise had been stolen and investigating officers, as well as evidence presented by Defendant through his testimony and that of his co-defendant, taken in light most favorable to the State, there was sufficient evidence for the trial court to deny Defendant's motion to dismiss and present the case to the jury.

No error.

Judges McGEE and GEER concur.