STATE OF NORTH CAROLINA v. MARK NEWLYN PATTERSON

No. COA08-518

(Filed 6 January 2009)

## 1. Larceny— sufficiency of indictment—church—failure to indicate legal entity capable of owning property

An indictment charging the larceny of property from the First Baptist Church of Robbinsville was fatally defective because: (1) larceny requires that the perpetrator take the personal property of another, and thus there must be a showing that "the other" is a natural person or legal entity from whom property can be taken; and (2) the indictment did not indicate that the First Baptist Church of Robbinsville was a legal entity capable of owning property.

## 2. Possession of Stolen Property— sufficiency of indictment—showing of entity capable of owning property not required

The trial court did not err by failing to dismiss the charge of possession of stolen goods even though defendant contends the indictment was defective because an indictment for this crime is not required to signify that the entity who is allegedly wronged is capable of owning property.

## 3. Appeal and Error— preservation of issues—failure to offer proof—irrelevant transcript page numbers

Although defendant contends the trial court erred in a breaking and entering, larceny, and felonious possession of stolen goods case by allowing statements to be made at trial regarding other property found in a camper that was believed to be stolen, defendant abandoned this assignment of error under N.C. R. App. P. 28(b)(6) because: (1) defendant failed to point to any specific trial testimony in his brief; and (2) the transcript

page numbers he cited in the assignment of error were not relevant to his argument.

**4. Evidence— denial of motion in limine—possession of another stolen item**

The trial court did not err or commit plain error in a possession of a stolen video camera and breaking or entering case by denying defendant's motion in limine or by allowing the testimony of a witness identifying a digital camera found in a camper used by defendant as the camera stolen from her work because: (1) contrary to defendant's argument, the evidence tended to show that defendant possessed stolen items instead of showing he acted in conformity with the propensity to steal; (2) the trial court specifically stated that evidence of defendant's prior convictions was inadmissible and that only evidence that there were identified stolen items in the camper was admissible; and (3) the fact that defendant had multiple stolen items in the camper he was using to store his property was relevant to the charges brought in this case since it went directly to the elements of the crime of felonious possession of stolen goods, which the prosecution bore the burden of proving.

**5. Burglary and Unlawful Breaking or Entering— motion to dismiss—sufficiency of evidence—doctrine of recent possession**

The trial court did not err by denying defendant's motion to dismiss the charge of breaking and entering because: (1) the doctrine of recent possession was applicable, and along with other facts and circumstances presented at trial, there was sufficient evidence to present the charge to the jury; (2) the evidence showed that defendant was in possession of multiple items of stolen property, including a video camera stolen from the victim in this case, and tools often used for breaking and entering; (3) although defendant contends that twenty-one days was too long a time interval to be considered "recent" for purposes of the doctrine of recent possession, the nature of the property is a factor and the question is ordinarily a question of fact for the jury; (4) while a video camera is an item frequently traded in commerce, there was a substantial probability under the circumstances of this case that the stolen item could only have come into defendant's possession by his own act; and (5) a jury could find that defendant had constructive and exclusive possession of the camper in which the stolen items were found and its contents.

**6. Constitutional Law— effective assistance of counsel— claim dismissed without prejudice to seek motion for appropriate relief**

Defendant's claim of ineffective assistance of counsel in a breaking and entering, larceny, and felonious possession of stolen goods case based on his trial attorney failing to question a witness regarding evidence acquired during defendant's prior trial for breaking and entering into a different business is dismissed without prejudice to allow defendant to seek a motion for appropriate relief in the superior court because: (1) the evidence defendant pointed to was outside the record since it involved testimony from a prior trial; and (2) the verbatim transcript containing the evidence defendant described was not in the record before the Court of Appeals.

**7. Possession of Stolen Property— failure to instruct on lesser-included charge of misdemeanor possession of stolen goods**

The trial court did not err in a possession of stolen property and breaking and entering case by refusing to submit the lesser-included charge of misdemeanor possession of stolen goods because: (1) the crime of possession of stolen property is a felony if the possession was subsequent to a breaking and entering, even if the person in possession was not the perpetrator of the breaking and entering; (2) there was no evidence in the record that defendant presented an alternative reason for his possession of the stolen goods, other than as a result of the breaking and entering of a church; (3) there was no evidence that he obtained the property at a later date or that he had no knowledge that the items were stolen; and (4) all evidence tended to show that defendant possessed the items stolen along with tools commonly used for breaking and entering.

**8. Possession of Stolen Property— instruction—doctrine of recent possession**

The trial court did not err in a breaking and entering case by overruling defendant's objection and instructing the jury on the doctrine of recent possession because: (1) there was sufficient evidence to show that defendant recently and exclusively possessed the stolen goods after the breaking and entering occurred; (2) the jury, as the trier of fact, was properly charged with weighing all the evidence; and (3) while the jury was instructed on the

inference of guilt, the jurors were free to find that defendant's possession of the stolen items did not mean he committed a breaking and entering to obtain them.

**9. Sentencing— habitual felon—constitutionality of enhanced sentence**

The trial court did not commit constitutional error in a possession of stolen property and breaking and entering case by sentencing defendant as a habitual felon because: (1) defendant was sentenced within the presumptive range; and (2) sentence enhancement based on habitual felon status does not constitute cruel and unusual punishment under the Eighth Amendment.

Appeal by defendant from judgments entered 4 December 2007 by Judge Laura J. Bridges in Graham County Superior Court. Heard in the Court of Appeals 8 October 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Thomas R. Miller, for the State.*

*Daniel F. Read for defendant-appellant.*

HUNTER, Judge.

Mark Newlyn Patterson ("defendant") appeals from multiple judgments entered on 4 December 2007. At trial, the State sought to prove that defendant broke into the First Baptist Church of Robbinsville on 21 October 2005 and committed larceny therein by stealing a digital video camera. The State further charged defendant with felonious possession of stolen goods.

Officer Gregg Jones ("Officer G. Jones") and Officer Bryan Jones ("Officer B. Jones") responded to the alleged breaking and entering. Officer G. Jones testified that the perpetrator gained entrance to the church through a window on the lower level. The pastor of the church informed the officers that a video camera and a DVD player belonging to the church were missing.[1]

According to Officer G. Jones' testimony, Mr. Kyle Boring ("Mr. Boring") called him on or about 11 November 2005 and informed him that he allowed defendant to use a camper on his property and that there may be items of interest to the police in the camper. At that time, Officer B. Jones went to inspect the camper. Mr. Boring had a

---

1. Defendant was only indicted for larceny of the video camera.

key to the camper and allowed the officer to enter. Upon inspection of the contents of the camper, Officer B. Jones called Officer G. Jones and both officers took inventory of the camper. Officer G. Jones testified that they recovered a video camera and a DVD player matching the description of the items stolen from the church, a digital camera, tools typically used in breaking and entering, as well as personal documents and papers belonging to defendant. Based upon this evidence, a warrant for defendant's arrest was issued on 14 November 2005.

On 4 December 2007, defendant was convicted of breaking and/or entering, larceny pursuant to breaking and entering, and felonious possession of stolen goods pursuant to breaking and entering.[2] Defendant was found to be a habitual felon and sentenced to 116 to 149 months in prison. Defendant appeals these convictions and his sentence. After careful review, we vacate in part, find no error in part, dismiss in part, and remand for resentencing.

I.

**[1]** Defendant first argues that the charges of larceny and possession of stolen goods must be dismissed because the larceny indictment does not indicate that the First Baptist Church of Robbinsville is a legal entity capable of owning property and is thus fatally defective. We agree with defendant as to the larceny charge.

The record does not indicate that defendant objected to the indictment of larceny at the trial court.[3] However, this Court has held:

> Where there is a fatal defect in the indictment, verdict or judgment which appears on the face of the record, a judgment which is entered notwithstanding said defect is subject to a motion in arrest of judgment. A defect in an indictment is considered fatal if it "wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal.

2. The trial court arrested judgment as to the felonious possession of stolen goods conviction.

3. Because defendant did not object to the indictment at trial and did not present to the trial court any evidence concerning the corporate status of the church, the record before us is devoid of such evidence.

*State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (footnotes omitted), *disc. review improvidently allowed*, 349 N.C. 289, 507 S.E.2d 38 (1998). Thus we must address the merits of this assignment of error if the omission of the legal status of the church in the indictment is a fatal defect. We find that it is.

" 'The crime of larceny requires the "taking by trespass and carrying away by any person of the goods or personal property of another, without the latter's consent and with the felonious intent permanently to deprive the owner of his property and to convert it to the taker's own use." ' " *State v. Jones*, 177 N.C. App. 269, 271-72, 628 S.E.2d 436, 438, *disc. review denied*, 360 N.C. 580, 636 S.E.2d 190 (2006) (citations omitted). The requirement that the perpetrator take the personal property "of another" requires a showing that "the other" is a natural person or legal entity from whom property can be taken.

Our Supreme Court directly addressed this issue in the case of *State v. Thornton*, 251 N.C. 658, 111 S.E.2d 901 (1960). In reviewing the then limited North Carolina case law and case law from other jurisdictions, the Court found:

> "Larceny after trust is a species of larceny and in prosecutions for the former offense, as in those for the latter, it is necessary to allege ownership of the property in a person, corporation, or other legal entity capable of owning property, in order to enable the accused to know exactly what charge he will be called upon at the trial to meet, and to enable him, if such should be the case, to plead a former acquittal or conviction. . . . If the property alleged to have been stolen is that of . . . a corporation, the name of the corporation should be given, and the fact that it is a corporation stated, unless the name itself imports a corporation."

*Id.* at 661-62, 111 S.E.2d at 903 (quoting *Nickles v. State*, 71 S.E.2d 578 (Ga. App. 1952)). According to *Thornton*, if a defendant is charged with committing larceny or embezzlement against a corporation, the indictment must indicate that the corporation is capable of owning property. If the name of the corporation itself indicates that the entity is a corporation, through use of the word "incorporated" or the like, then the requirement of *Thornton* has been satisfied. However, if the name of the corporation does not clearly import a corporation, then the indictment must not only state the corporate name, it must also allege that it is a legal entity capable of owning property. If the indictment fails in this regard, it is fatally defective.

In the present case, the indictment alleged that defendant committed larceny against First Baptist Church of Robbinsville, but did not indicate that the church was a legal entity capable of owning property. Similarly, in the case of *State v. Cathey*, 162 N.C. App. 350, 590 S.E.2d 408 (2004), the indictment for larceny named "Faith Temple Church of God," as the party from whom property was stolen, as opposed to its corporate name, "Faith Temple Church-High Point, Incorporated." *Id.* at 352, 590 S.E.2d at 410. This Court found that the indictment was "fatally defective," and therefore the trial court erred in allowing the State to amend the larceny indictment to state the proper corporate name of the church. *Id.* at 353, 590 S.E.2d at 411.

Conversely, in *State v. Cave*, 174 N.C. App. 580, 621 S.E.2d 299 (2005), this Court found that the company name, " 'N.C. FYE, Inc.,' " listed in the indictment was sufficient to import a legal entity capable of owning property as it was the company's corporate name. *Id.* at 583, 621 S.E.2d at 301. The Court reasoned, "[o]ur courts have held that the words 'corporation,' 'incorporated,' 'limited,' and 'company,' are sufficient to import a corporation in an indictment[,]" pursuant to *Thornton* and its progeny. *Id.* (citations omitted). An abbreviation of these enumerated terms is also sufficient. *Id.* The indictment in the present case failed to meet this standard.

Pursuant to *Thornton*, the indictment must show on its face that the church is a legal entity capable of owning property and it clearly does not. If the church was in fact a corporation, the indictment would have been without defect had it: (1) stated a corporate name that clearly showed the church was a corporation, such as use of the word "incorporated," or "Inc."; or (2) stated a corporate name that did not itself import a corporation and then further alleged that it was an entity capable of owning property. *See Cave*, 174 N.C. App. at 583, 621 S.E.2d at 301; *see also Thornton*, 251 N.C. at 661-62, 111 S.E.2d at 903.

As in *Cathey*, and pursuant to the controlling case law of *Thornton*, we must find that the indictment in the case *sub judice* was fatally flawed and therefore the judgment with regard to larceny must be vacated. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question). Accordingly, we remand for resentencing.

**[2]** Because the crime of possession of stolen goods does not require the taking of personal property from another, an indictment for this

crime is not required to signify that the entity who is allegedly wronged is capable of owning property. *See generally State v. Burroughs*, 147 N.C. App. 693, 696, 556 S.E.2d 339, 342 (2001). Therefore, this charge stands in the present case.

## II.

**[3]** Next, defendant argues that the trial court erred in allowing statements to be made at trial regarding other property found in the camper that was believed to be stolen. He claims such statements were hearsay, speculative, irrelevant, and unduly prejudicial. However, defendant does not point to any specific testimony in his brief that he finds objectionable for this assignment of error.

Further, the assignment of error lists pages twelve and twenty-two in the transcript as the places where defendant objected. Page twelve contains arguments concerning the motion *in limine* (addressed in the following section). On page twenty-two, defendant objects to Officer G. Jones' testimony that after investigating the church robbery he searched for other similar breaking and entering crimes in the area and found that two others had occurred in a similar manner. There was no statement or implication by the officer that he believed Mr. Patterson committed these other crimes. Accordingly, we find that defendant abandoned this assignment of error as he failed to point to any specific trial testimony in his brief and the transcript page numbers he cites in the assignment of error are not relevant to his argument. N.C.R. App. P. 28 (b)(6).

## III.

**[4]** Defendant next contends that the trial court erred by denying defendant's motion *in limine* and allowing the testimony of Ms. Tonya Sellers ("Ms. Sellers"). Defendant did not further object at trial when Ms. Sellers' testimony was offered.

Our Courts have long held that " '[a] motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial.' " *State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005) (alteration in original; citation omitted); *see also State v. Wilson*, 289 N.C. 531, 537, 223 S.E.2d 311, 314-15 (1976).

We recognize that the North Carolina General Assembly amended N.C. Gen. Stat. 8C-1, Rule 103(a) in 2003, to say "[o]nce the court makes a definitive ruling on the record admitting or excluding evi-

dence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C. Gen. Stat. § 8C-1, Rule 103(a) (2007); 2003 N.C. Sess. Laws ch. 101, §§ 1-2. However, this Court in *Tutt* found the amendment to be unconstitutional to the extent it conflicts with N.C.R. App. P. 10(b)(1).[4] *Tutt*, 171 N.C. App. at 523-24, 615 S.E.2d at 691-93. Our Supreme Court has since upheld the holding in *Tutt. State v. Oglesby*, 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007). Therefore, the general rule remains: To preserve the matter for appeal, a defendant must object to the admission of evidence at trial despite a previously submitted motion *in limine*.

Having failed to make a general objection at the time of Ms. Sellers' testimony, defendant asks this Court to review the admission of her testimony under the plain error standard. *See State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 846 (1995) (plain error standard utilized where defendant failed to object to admission of evidence at trial after denial of a motion *in limine*). " '[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done . . . ." ' " *State v. Cummings*, 352 N.C. 600, 616, 536 S.E.2d 36, 49 (2000) (alteration in original; citations omitted).

Upon denial of defendant's motion *in limine* to suppress Ms. Sellers' testimony, she testified at trial that she worked for Robbinsville Head Start in the fall of 2005 when a digital camera was stolen during a breaking and entering. She identified the digital camera found in the camper as the camera stolen from Robbinsville Head Start.

Defendant claims that Ms. Sellers' testimony violated Rule 404(b) of the North Carolina Rules of Evidence, which forbids evidence of other crimes, wrongs, or acts from being introduced as character evidence to show that defendant acted in conformity therewith. N.C.

---

4. "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. Any such question which was properly preserved for review by action of counsel taken during the course of proceedings in the trial tribunal by objection noted or which by rule or law was deemed preserved or taken without any such action, may be made the basis of an assignment of error in the record on appeal." N.C.R. App. P. 10(b)(1).

Gen. Stat. § 8C-1, Rule 404(b) (2007). We do not find a violation of Rule 404(b) as the evidence presented only tended to show that defendant possessed stolen items, not that he was acting in conformity with a propensity to steal. In denying the motion *in limine,* the trial court specifically stated that evidence of defendant's prior convictions was inadmissible; only evidence that there were identified stolen items in the camper was admissible. Ms. Sellers simply identified the camera as the one stolen and made no supposition as to who took it.

The fact that defendant had multiple stolen items in the camper he was using to store his property was relevant to the charges brought in this case. Specifically, defendant was indicted for felonious possession of stolen goods. *See* N.C. Gen. Stat. § 14-72(c) (2007) ("[t]he crime of possessing stolen goods knowing or having reasonable grounds to believe them to be stolen . . . ," subsequent to a breaking and entering, is a felony). Possession of multiple items that are known to be stolen goes directly to the elements of this crime, which the prosecution bore the burden of proving.

Therefore, we find that the trial court's denial of defendant's motion *in limine* was not error, much less plain error, as Ms. Sellers' testimony was not character evidence to show that defendant acted in conformity therewith, but rather was evidence that the items in defendant's possession were known to be stolen. The verdicts for possession of stolen property and breaking and entering should not be disturbed on the grounds argued by defendant.

IV.

**[5]** Defendant further argues the trial court erred in denying defendant's motion to dismiss the charge of breaking and entering, as the evidence was insufficient to submit the charge to the jury.[5] We disagree and find that the doctrine of recent possession was applicable, and along with other facts and circumstances presented at trial, there was sufficient evidence to present the charge of breaking and entering to the jury.

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential

---

5. Because we have already vacated the larceny charge, we do not address the denial of the motion to dismiss that charge. Furthermore, defense counsel did not move to dismiss the charge of felonious possession of stolen property at the close of the evidence and thus did not preserve that argument for appeal. N.C.R. App. P. 10(b)(3).

element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell,* 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citation omitted). "The evidence is to be considered in the light most favorable to the State[.]" *Id.* at 99, 261 S.E.2d at 117.

The evidence in this case tended to show that defendant was in possession of multiple items of stolen property and tools often used for breaking and entering. The officers located these items in the camper used by defendant approximately twenty-one days after the breaking and entering of the church. The State in this case presented no physical evidence that defendant was the perpetrator of the breaking and entering; however, even when a case hinges on circumstantial evidence, " '[o]nce the court determines that a reasonable inference of the defendant's guilt may be drawn from the circumstances, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty.' " *State v. Clark,* 159 N.C. App. 520, 524, 583 S.E.2d 683 (2003) (citation omitted). The doctrine of recent possession creates such a reasonable inference of guilt. The doctrine of recent possession states that:

> [W]hen there is sufficient evidence that a building has been broken into and entered and thereby the property in question has been stolen, the possession of such stolen property recently after the larceny raises presumptions that the possessor is guilty of the larceny and also of the breaking and entering.
>
> . . .
>
> [T]he presumption spawned by possession of recently stolen property arises when, and only when, the State shows beyond a reasonable doubt: (1) the property described in the indictment was stolen; (2) the stolen goods were found in defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was recently after the larceny, mere possession of stolen property being insufficient to raise a presumption of guilt.

*State v. Maines,* 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981) (internal citations omitted).

Defendant claims that twenty-one days was too long a time interval to be considered "recent" for purposes of the doctrine of recent possession. With regard to the time interval between the theft of an item and when it is recovered in the defendant's possession, this Court has determined that:

> [T]he nature of the property is a factor in determining whether the recency is sufficient to raise a presumption of guilt. Thus, if the stolen property is of a type normally and frequently traded in lawful channels, a relatively brief time interval between the theft and the finding of an accused in possession is sufficient to preclude an inference of guilt from arising. Conversely, when the article is of a type not normally or frequently traded in lawful channels, then the inference of guilt may arise after the passage of a longer period of time between the larceny of the goods and the finding of the goods in the accused's possession.

*State v. Hamlet*, 316 N.C. 41, 44, 340 S.E.2d 418, 420 (1986).

> " 'In either case the circumstances must be such as to manifest a substantial probability that the stolen goods could only have come into the defendant's possession by his own act, to exclude the intervening agency of others between the theft and the defendant's possession, and to give reasonable assurance that possession could not have been obtained unless the defendant was the thief. . . . *The question is ordinarily a question of fact for the jury.*

*State v. Waller*, 11 N.C. App. 666, 669, 182 S.E.2d 196, 198, *cert. denied*, 279 N.C. 513, 183 S.E.2d 690 (1971) (emphasis added; citations omitted).

Despite the guidelines presented in *Hamlet* and *Waller*, there is no bright line rule concerning what is deemed "recent possession." "The term ["recent"] is a relative one and depends on the circumstances of the case." *State v. Holbrook*, 223 N.C. 622, 624, 27 S.E.2d 725, 726 (1943). Our Supreme Court has held that thirty days was not sufficiently recent where the defendant was in possession of, and later sold, a stolen television. *Hamlet*, 316 N.C. at 45-46, 340 S.E.2d at 421. The Court found that the television and linens that were allegedly stolen from the same place, were items "normally and frequently traded in lawful channels[,]" and the evidence did not support a presumption of guilt of breaking and entering. *Id.*

In *Hamlet,* which defendant relies on, the time frame was approximately thirty days as opposed to the twenty-one days in this case. Another distinguishing factor between *Hamlet* and the case at bar is that the items stolen in *Hamlet* were first seen by an officer in the trunk of someone else's car. *Id.* at 41, 340 S.E.2d at 418. There, the defendant was driving a car owned by the passenger's wife with the television in the trunk. *Id.* An officer pulled the car over and arrested the passenger on a matter unrelated to the stolen property. *Id.* He then asked the defendant about the ownership of the property and the defendant claimed it was his and he was just moving it. *Id.* at 41, 340 S.E.2d at 419. After he subsequently sold the television and was arrested, the defendant claimed that the first time he saw the television was when his friend asked him to drive the car. *Id.* at 42, 340 S.E.2d at 419. In *Hamlet,* the stolen items were of a type often traded in commerce, the defendant was not in exclusive possession of the goods when first questioned about them by law enforcement, and thirty days had lapsed since the breaking and entering. In the present case, the items were stolen, the owner of the camper called police to say there were potentially items of interest being kept there by defendant, and the items were subsequently recovered from defendant's exclusive control. There was no evidence that would indicate the items were stolen by anyone other than defendant who possessed them.

Defendant attempts to persuade the Court that the camper was in fact not in his exclusive control as Mr. Boring was the actual owner and had access to the camper. However, Mr. Boring testified that he never used the camper and was not aware of anyone other than defendant using the camper. He further testified that defendant installed a lock on the camper and Mr. Boring only had a key to assist defendant if he lost his copy. Moreover, defendant kept personal documents in the camper, which shows an expectation of privacy on his part. We find that under these facts a jury could find that defendant had constructive and exclusive possession of the camper and its contents. *See Clark,* 159 N.C. App. at 525, 583 S.E.2d at 683 (" '[a] person has constructive possession of an item when the item is not in his physical custody, but he nonetheless has the power and intent to control its disposition' ") (citation omitted).

In sum, we find that while a video camera is an item frequently traded in commerce, under the circumstances of this case, we find that there was a substantial probability that the stolen item could only have come into defendant's possession by his own act. Twenty-

one days, while not a short amount of time, was not so long under the circumstances as to prevent an inference that defendant committed the breaking and entering. We further find that defendant was in exclusive possession of the items found in the camper.

In addition to the doctrine of recent possession, there were other attendant facts and circumstances that provided sufficient evidence to present the case to the jury. Not only were the stolen electronics from the church found in his possession, but the digital camera stolen from Robbinsville Head Start in early November was as well, along with tools for breaking and entering and defendant's personal documents. All of the evidence, taken in the light most favorable to the State was sufficient to present the case to the jury. Therefore, we find that the trial court did not err in denying defendant's motion to dismiss the charge of breaking and entering.

V.

[6] Defendant next argues that he was not provided effective assistance of counsel because his trial attorney failed to question Ms. Sellers regarding evidence acquired during his prior trial for breaking and entering into Robbinsville Head Start. The evidence defendant points to is outside the record in the present case as it involves testimony from a prior trial. The verbatim transcript containing the evidence defendant describes is not in the record before us.

Ineffective assistance of counsel "claims brought on direct review will be decided on the merits *when the cold record reveals that no further investigation is required,* i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair,* 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001) (emphasis added). "This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in 'the record on appeal and the verbatim transcript of proceedings, if one is designated.' " *Id.* at 166, 557 S.E.2d at 524-25 (quoting N.C.R. App. P. 9(a)).

Accordingly, we cannot rule on defendant's claim of ineffective assistance of counsel as the transcript from defendant's prior trial is not before us. We must therefore dismiss this claim without prejudice to allow defendant to seek a motion for appropriate relief in the superior court on the issue of ineffective assistance of counsel. *Id.* at 167, 557 S.E.2d at 525.

VI.

**[7]** Defendant further contends that the trial court erred in refusing to submit the lesser charge of misdemeanor possession of stolen goods as the jury could have found that defendant did not commit breaking and entering, but merely had possession of the stolen goods at some point afterwards. We disagree.

"It is well-established in North Carolina that the trial court is under a duty to instruct the jury upon, and to submit for its consideration, a lesser included offense only when there is evidence tending to show the commission of such lesser included offense." *State v. Rinck*, 303 N.C. 551, 565, 280 S.E.2d 912, 923 (1981) (citation omitted). The crime of possession of stolen property is a felony if the possession was subsequent to a breaking and entering, even if the person in possession was not the perpetrator of the breaking and entering. N.C. Gen. Stat. § 14-72(c).

In this case, there is no evidence in the record that defendant presented an alternative reason for his possession of the stolen goods, other than as a result of the breaking and entering of the church. There was no evidence that he obtained the property at a later date or that he had no knowledge that the items were stolen due to a breaking and entering. All evidence at trial tended to show that there was a breaking and entering at the church and that defendant possessed the items stolen along with tools commonly used for breaking and entering. Therefore, the trial court did not err in refusing to instruct the jury on the lesser included offense of misdemeanor possession of stolen goods as evidence for such an offense was lacking.

VII.

**[8]** Defendant next argues that the trial court erred by overruling defendant's objection and instructing the jury on the doctrine of recent possession, as the evidence was insufficient to support the instruction.

As discussed above, in accord with *Maines*, there was sufficient evidence to show that defendant recently and exclusively possessed the stolen goods after the breaking and entering occurred. The jury, as the trier of fact, was properly charged with weighing all the evidence. While the jury was instructed on the inference of guilt, the members were free to find that defendant's possession of the stolen items did not mean he committed a breaking and entering to obtain them. Therefore, we find no error in the instruction.

[9] Finally, defendant argues that the trial court committed constitutional error by sentencing defendant as a habitual felon, as the cumulative sentence of 232 to 298 months constituted cruel and unusual punishment under the circumstances. We disagree.

Defendant was found to be a habitual felon and was sentenced within the presumptive range authorized under N.C. Gen. Stat. § 15A-1340.17(c) (2007). This Court has held, "[s]entence enhancement based on habitual felon status does not constitute cruel and unusual punishment under the Eighth Amendment." *State v. Dammons*, 159 N.C. App. 284, 298, 583 S.E.2d 606, 615 (2003) (citations omitted). Accordingly, we find no constitutional violation in this sentence.

Vacated in part, dismissed in part, no error in part, remanded for resentencing.

Judges ELMORE and GEER concur.