An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-174

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

STATE OF NORTH CAROLINA

v.

JOHN DONALD MATTHEWS

Mecklenburg County
Nos. 09 CRS 237810
09 CRS 237821
10 CRS 17532

Appeal by defendant from judgments entered 31 July 2013 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 August 2014.

> *Roy Cooper, Attorney General, by Steven Armstrong, Assistant Attorney General, for the State.*

> *Jennifer Harjo, Public Defender, by Brendan O'Donnell, Assistant Public Defender, for defendant-appellant.*

STEELMAN, Judge.

Where the State presented substantial evidence that the property stolen belonged to an entity capable of owning property, the trial court did not err in denying defendant's motion to dismiss the charge of felonious larceny. Where defendant failed to raise the constitutional issue of double

jeopardy at trial, he cannot raise it for the first time on appeal. Where the trial court admitted evidence pursuant to Rule 404(b), and defendant's argument on appeal is based solely upon Rule 403, we hold that the trial court did not abuse its discretion in admitting the evidence.

## I. Factual and Procedural Background

John Donald Matthews (defendant) was indicted for felonious breaking or entering, larceny after breaking or entering, and larceny of a firearm arising from a 2 March 2009 break-in in Charlotte. Defendant was also indicted for obtaining the status of an habitual felon. Defendant was convicted, and appealed to this Court. We held that the trial court erred in denying defendant the right to make the final argument to the jury, and remanded the case for a new trial. *State v. Matthews*, 218 N.C. App. 277, 281, 720 S.E.2d 829, 833 (2012). The underlying facts of this case are contained in that opinion.

On remand, defendant was tried for felonious breaking or entering, larceny after breaking or entering, and obtaining the status of an habitual felon. The State obtained a superseding indictment on the habitual felon charge.

At trial, defendant represented himself, with standby counsel present. The jury convicted defendant on all three

counts.  On 31 July 2013, the trial court sentenced defendant to 110-151 months imprisonment.

Defendant appeals.

## II. Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of felonious larceny.  We disagree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

## B. Analysis

Defendant was charged with, and found guilty of, felonious larceny.  A person is guilty of larceny when he takes and carries away the personal property of another without the latter's consent and with intent to deprive the owner of its use permanently.  *State v. Patterson*, 194 N.C. App. 608, 613, 671 S.E.2d 357, 360 (2009).  An indictment for larceny must name the alleged owner or person in lawful possession of the property and, if the victim is not a natural person, the indictment must allege that the owner is a legal entity capable of owning

property. *State v. Phillips*, 162 N.C. App. 719, 720-21, 592 S.E.2d 272, 273 (2004).

In the instant case, defendant's indictment for larceny stated that defendant "did steal, take and carry away cartons of cigarettes, cigarette lighters, and United States currency, the personal property of EGF Enterprises III, Inc., a corporation, doing business as Value Mart, pursuant to a violation of Section 14-54 of the General Statutes of North Carolina."

At trial, Elias Francis (Francis), one of the owners of EGF Enterprises III, Inc. (EGF), testified as follows:

Q. And, Mr. Francis, are you associated with EGF Enterprises III?

A. Yes, I own fifty percent of that store.

Q. Five-zero percent?

A. Yes, five-zero.

Q. And what did EGF Enterprises III operate?

A. Value Mart convenience store on McAlway.

Q. Who do you own that store with?

A. I own it with Abdelfattah Abdelmajid.

Q. Are there any other owners?

A. No.

. . .

Q. And on March 2nd, 2009 was EGF operating

Value Mart at that location?

A. Yes.

He testified that, the day after the alleged burglary, cartons of cigarettes were missing from the Value Mart store. We hold that this constituted evidence that the property was stolen from the store.

Defendant contends, nonetheless, that the evidence at trial was "not legally sufficient to support the property-of-another element of the larceny charge in at least two ways." First, defendant contends that there was no evidence as to who owned the property stolen. This is not correct.

Francis' testimony explicitly stated that the cigarette cartons were discovered missing upon a review of the store's inventory. "Inventory" is defined as "[a] detailed list of all things in one's view or possession, esp. a periodic survey of all goods and materials in stock." The American Heritage Dictionary, Second College Edition, 675 (1982). The cigarette cartons were missing from inventory. Thus, they were missing from the store's possession. Based upon Francis' testimony, the store owned the missing cigarettes.

Second, defendant contends that there was no evidence that EGF was an entity capable of owning property. Defendant

concedes that, in the indictment, EGF is modified by "Inc." and "a corporation," terms that are sufficient to convey that an entity is capable of owning property. *Patterson*, 194 N.C. App. at 613-14, 671 S.E.2d at 360-61. However, defendant contends that no evidence was raised at trial of EGF's status as an entity capable of owning property.

As with defendant's prior argument, this is not correct. Francis' testimony revealed that he and Mr. Abdelmajid owned EGF, which operated Value Mart. We hold that Francis' testimony concerning the ownership of EGF and of EGF's operation of the Value Mart store constituted substantial evidence that EGF was an entity capable of owning property. The trial court did not err in denying defendant's motion to dismiss the charge of felonious larceny.

This argument is without merit.

### III. Superseding Habitual Felony Indictment

In his second argument, defendant contends that the trial court erred in permitting the State to proceed on a superseding habitual felony indictment. We disagree.

### A. Standard of Review

"An attack on an indictment is waived when its validity is not challenged in the trial court." *State v. Wallace*, 351 N.C.

481, 503, 528 S.E.2d 326, 341, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000). "However, where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *Id.*

### B. Analysis

At the original trial, defendant was indicted for habitual felon status (case number 09 CRS 68794). On remand from this Court, the State obtained a superseding indictment for habitual felon status (case number 13 CRS 21209). Defendant contends that prosecution of this superseding habitual felon indictment violated the Habitual Felons Act, N.C. Gen. Stat. § 14-7.1 *et seq.*, or alternatively violated double jeopardy.

First, defendant contends that the superseding indictment was invalid because it came so long after his first trial. Specifically, defendant notes that "the date of defendant's plea at the first trial was in October 2010 – long before . . . May 2013, the date of the superseding indictment."

Defendant points to our decision in *State v. Cogdell*, in which we held that "the critical event that forecloses substantive changes in an habitual felon indictment is the plea entered before the actual trial." *State v. Cogdell*, 165 N.C.

App. 368, 373, 599 S.E.2d 570, 573 (2004). In *Cogdell*, the defendant was arraigned, and subsequently a superseding habitual felon indictment was obtained by the State. This superseding indictment was filed "approximately three months before defendant's trial." *Id*. at 374, 599 S.E.2d at 573. We held that "defendant received sufficient notice that he was being prosecuted as an habitual felon[,]" and declined to find error. *Id*. at 374, 599 S.E.2d at 574.

Defendant ignores our ruling in *Cogdell*, and instead pulls language out of context to support his argument. Defendant also ignores the fact that the superseding indictment in the instant case was obtained after this case was appealed and remanded for a new trial. The superseding indictment was filed in May of 2013; the new trial was held in July of 2013, two months after the filing of the superseding indictment. In accordance with our opinion in *Cogdell*, we hold that this time period gave defendant sufficient notice that he was being prosecuted as an habitual felon.

Next, defendant contends that the filing of a superseding indictment constituted a violation of double jeopardy. Defendant contends that "[t]here is no material difference between indictments 13 CRS 21209 . . . upon which Mr. Matthews

was convicted in this case, and indictment 09 CRS 68794 upon which Mr. Matthews was previously convicted and sentenced."

"[A] constitutional issue not raised at trial will generally not be considered for the first time on appeal." *State v. Maness*, 363 N.C. 261, 279, 677 S.E.2d 796, 808 (2009). In the instant case, defendant did not object to the habitual felon charge against him. At no point during the trial did he raise double jeopardy concerns regarding the superseding indictment. Double jeopardy is a constitutional issue which must be raised at trial to be preserved. Failure to raise double jeopardy at trial constitutes waiver of such an argument. *See State v. Davis*, 364 N.C. 297, 301, 698 S.E.2d 65, 67 (2010). Because defendant failed to raise this issue at trial, it is not preserved, and is not properly before this Court. The issue of double jeopardy is dismissed.

This argument is without merit.

## IV. Evidence of Later Crimes

In his third argument, defendant contends that the trial court erred in admitting evidence of defendant's later crimes. We disagree.

### A. Standard of Review

"Evidentiary errors are harmless unless a defendant proves that absent the error a different result would have been reached at trial." *State v. Ferguson*, 145 N.C. App. 302, 307, 549 S.E.2d 889, 893, *disc. review denied*, 354 N.C. 223, 554 S.E.2d 650 (2001).

"We review a trial court's decision to exclude evidence under Rule 403 for abuse of discretion." *State v. Whaley*, 362 N.C. 156, 160, 655 S.E.2d 388, 390 (2008).

> Though this Court has not used the term de novo to describe its own review of 404(b) evidence, we have consistently engaged in a fact-based inquiry under Rule 404(b) while applying an abuse of discretion standard to the subsequent balancing of probative value and unfair prejudice under Rule 403. For the purpose of clarity, we now explicitly hold that when analyzing rulings applying Rules 404(b) and 403, we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling . . . we look to whether the evidence supports the findings and whether the findings support the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.

*State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 158-59 (2012) (citations omitted).

## B. Analysis

Defendant contends that the trial court abused its discretion under Rule 403 of the North Carolina Rules of Evidence in admitting evidence of defendant's later crimes. Defendant bases his entire argument on this issue upon Rule 403.

On 26 June 2013, the State provided written notice to defendant of its intent to offer evidence of a similar break-in allegedly committed by defendant on 4 August 2009 as evidence admissible pursuant to Rule 404(b) of the North Carolina Rules of Evidence. Prior to calling a witness concerning the charges in the indictment, the State called a witness to testify concerning the 4 August 2009 break-in. The trial court allowed this testimony for a limited purpose. Specifically, the trial court held:

> Mr. Matthews, again, the purpose of this evidence is to show that at the time you are alleged to have committed the crimes for which you're being tried, you had the intent to commit the crime and a scheme or method or plan as to how to commit it. I've instructed the jury that that's all they can consider it for.

The trial court later elaborated the rule under which it was allowing this evidence:

> I've instructed the jury that they can only consider it for the limited purpose for which it's being offered. It's called 404(b) evidence.

Defendant, representing himself, acknowledged that the evidence was being admitted under Rule 404(b), but protested that "I don't even know what 404(b) is."

Rule 403, concerning exclusion of relevant evidence, provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

N.C. R. Evid. 403.  By contrast, Rule 404(b), concerning the admission of otherwise inadmissible character evidence for limited purposes, provides that:

> Other crimes, wrongs, or acts. - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. R. Evid. 404(b).

Defendant has raised no argument on appeal with regard to the admissibility of this evidence under Rule 404(b).  As noted above, defendant's argument relies exclusively on Rule 403.  We

note that analysis under Rule 403 is part of a Rule 404(b) analysis.

Alleged errors under Rule 403 are reviewed pursuant to an abuse of discretion standard. "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

We recognize that the evidence to which defendant objects was necessarily prejudicial to defendant. "Most evidence tends to prejudice the party against whom it is offered." *State v. Braxton*, 352 N.C. 158, 196, 531 S.E.2d 428, 450 (2000). But the question under Rule 403 is not merely whether evidence is prejudicial, but whether the trial court has balanced the probative value of the evidence with any unfair prejudice it might cause. *Beckelheimer*, 366 N.C. at 130, 726 S.E.2d at 158. In the instant case, there was no unfair prejudice to defendant. The trial court admitted the evidence for a limited purpose, permitted by Rule 404(b), and carefully explained that purpose to both the jury and defendant. We hold that the trial court did not abuse its discretion in admitting this evidence pursuant to Rule 404(b) of the North Carolina Rules of Evidence.

This argument is without merit.

NO ERROR IN PART, DISMISSED IN PART.

Judge GEER concurs.

Judge HUNTER, Robert N., Jr. concurred prior to 6 September 2014.

Report per Rule 30(e).